NAJDOWSKI *v.* RANSFORD.

1. PROCESS—SERVICE—ATTACHMENT—JUDGMENT IN PERSONAM—JURISDICTION.

Seizure in Wisconsin of personal property belonging to Michigan residents and service upon person in charge thereof gave Wisconsin court jurisdiction over property seized, with power to enter judgment against defendants, limited, however, in its enforcement to avails from property impounded, and court had no jurisdiction to render personal judgment against them, unless by process *in personam* against them, or by their appearance in case, court acquired further jurisdiction.

2. PRINCIPAL AND AGENT—AGENCY NOT ESTABLISHED BY AGENT'S DECLARATIONS.

Agency may not be established by declarations of agent in charge of property.

3. PROCESS—SERVICE ON AGENT.

Agent or business manager, except statute provide otherwise, may not accept service of process *in personam* against, or appear for, his principal in a suit, unless specially authorized to do so, and such authority may not be predicated upon acts or declarations of agent.

4. SAME—JUDGMENT—JURISDICTION OF FOREIGN COURT MAY BE ATTACKED.

Even in instances where, *prima facie*, authority of agent appears, principal against whom judgment *in personam* has been rendered in another State may, when record is offered as evidence, show that agent stood in no such representative character as to justify service of writ upon him.

5. JUDGMENT—CONFLICT OF LAWS—JURISDICTION OF FOREIGN COURT.

Full faith and credit clause of Federal Constitution does not preclude courts of State in which judgment of sister State is presented from inquiry as to jurisdiction of court in which judgment is rendered, nor is this inquiry precluded by recital in record of jurisdictional facts.

6. Appearance—Special Appearance—Jurisdiction.

> Where attorney, representing nonresident defendants not person-
> ally served with process, by special appearance, moves court to
> quash writ of attachment and thereby obtain dismissal of
> suit, and court denies motion, and later, when plaintiff moves
> court for order directing sale of attached property, attorney
> for defendants files affidavit and appears in court in opposition
> to requested sale, there is appearance by defendants, and
> court has jurisdiction to render personal judgment against
> them.

7. Same—Appearance Question of Law Rather Than Intention.

> Whether participation in suit constitutes general appearance is
> not question of intention but one of law.

8. Same—Judgment—Appearance of Attorney Subjects Client
   to Jurisdiction of Court Irrespective of Intention.

> If attorney authorized to appear specially for defendants mis-
> takenly thinks he is doing so, but, in law, his participation
> submits defendants to jurisdiction of court and judgment is
> rendered against them, they may not invoke defense of want
> of authority of attorney when sued in another jurisdiction
> upon that judgment.

Error to Muskegon; Vanderwerp (John), J. Sub-
mitted October 15, 1929. (Docket No. 91, Calendar
No. 34,441.) Decided December 3, 1929.

Assumpsit by Paul Najdowski against E. L. Rans-
ford and others upon a judgment rendered in a Wis-
consin court of record. From a judgment for plain-
tiff, defendant Ransford brings error. Affirmed.

*Galpin, Smedley & Dunn* (*Herman R. Salen*, of
counsel), for plaintiff.

*William J. Balgooyen* and *George H. Cross*, for
defendant Ransford.

Wiest, J. This suit is upon a judgment rendered
in the county court of Waukesha county, Wisconsin,
a court of record.

Defendants, by plea and notice, denied jurisdiction of the Wisconsin court. The judgment record in the Wisconsin court recites at length the procedural steps taken, and, upon its face shows jurisdiction of the subject-matter and of the parties. The suit in Wisconsin was commenced by writ of attachment, with usual summons, and there was seizure of personal property. The Wisconsin judgment was *in personam* against all of the defendants. The personal property seized by attachment was sold and the avails credited upon the judgment. Defendants, residents of Michigan, operated a "fox farm" in Wisconsin, with Russell E. Peterson, son of defendant E. J. Peterson, in charge. The attachment process was served upon Russell E. Peterson, and in the trial of the case at bar the circuit judge held that such service was upon the duly authorized and accredited agent of defendants and conferred jurisdiction upon the Wisconsin court to render a personal judgment against the defendants.

The seizure of defendants' personal property in Wisconsin, and service upon the person in charge thereof, gave the Wisconsin court jurisdiction over the property seized, with power to enter a judgment against defendants, limited, however, in its enforcement to avails from the property impounded. The property impounded was sold under execution for $676.82, and that amount was applied upon the judgment. That rendered the judgment *functus officio,* unless by process *in personam* against defendants, or by their appearance in the case, the court acquired further jurisdiction. No personal service of process was made upon defendants. The agency of Russell E. Peterson could not be established by his declarations, and, even if held to have been established by his acts in charge of the business, some-

thing more was required to authorize him to accept service of process or take action rendering defendants liable to a judgment *in personam*. An agent or business manager, except a statute provides otherwise, cannot accept service of process *in personam* against, or appear for, his principal in a suit, unless specially authorized to do so, and such authority cannot be predicated upon acts or declarations of the agent. Even in instances where, *prima facie*, the authority of the agent appears, the principal against whom a judgment *in personam* has been rendered in another State "may, when the record is offered as evidence in another State, show that the agent stood in no such representative character * * * as to justify the service of the writ upon him." *Marshall* v. *Owen & Co.*, 171 Mich. 232.

The evidence clearly established want of jurisdiction of the Wisconsin court to render the judgment *in personam* against defendants upon service of the process on their agent. The attachment was a proceeding *in rem* with a personal summons to defendants. The sheriff's return showed seizure of personal property with service of the writ upon "R. E. Peterson, the person acting for and on behalf of said defendants," and no personal service upon defendants because not found. Defendants are not precluded by recitals in the judgment record from showing want of jurisdiction.

The rule is well settled that:

"The full faith and credit clause of the Federal Constitution does not preclude the courts of a State in which the judgment of a sister State is presented from inquiry as to jurisdiction of the court by which the judgment is rendered, nor is this inquiry precluded by a recital in the record of jurisdictional facts." Quoted from the syllabus in *Brown* v. *Fletcher's Estate*, 210 U. S. 82 (28 Sup. Ct. Rep. 702).

See, also, *Smithman* v. *Gray,* 203 Mich. 317.

The trial judge also found that attorneys in Wisconsin entered a general appearance for defendants in the Wisconsin court and thereby personal service of the summons was waived. It is manifest that defendants and their attorneys intended no such appearance, and the question is whether such an appearance in fact and law was entered. Mr. Harold H. Paul, a Wisconsin attorney, entered a special appearance in behalf of defendants, and moved to quash the attachment, and he also entered a general appearance in behalf of Russell E. Peterson, who was not a party defendant but who intervened under a claim of ownership of some of the foxes seized under attachment. The court sustained Russell E. Peterson's claim. The motion to quash the attachment was denied. This ended the special appearance. Motion was then made to the court for an order authorizing the sheriff to sell the foxes *pendente lite* as perishable property, and an order to show cause why the motion should not be granted was served upon Mr. Paul. In opposition to the motion Mr. Paul filed his affidavit, in which he stated:

"That he is authorized to appear specially for and on behalf of the defendants in the above entitled matter for the purpose of resisting and opposing the motion on the part of the plaintiff to sell silver black fox now held in the above entitled matter under an attachment under section 266.14 of the statutes of 1925; that as this affiant is informed and believes said fox now held by the sheriff of Waukesha county are of good quality and healthy and were such when taken by the sheriff of Waukesha county under said attachment; that if said fox are as alleged in the affidavit of Owen D. Owens, sickly and liable to perish, they are such only by reason of neglect and lack of proper care and attention on the part of

Owen D. Owens, the sheriff, and Harry C. Berger, the person mentioned in plaintiff's affidavit.''

The affidavit also raised the point that the foxes were not perishable property within the meaning of the statute, and, therefore, not such property as should be sold, set up reasons for not selling at such time, and concluded with the prayer, ''Wherefore, this affiant prays for an order of the above entitled court dismissing said motion with costs.'' The court, instead of deciding the motion, set the case down for hearing at a later date. The hearing was had on the date set, but Mr. Paul did not appear, and judgment was taken against the defendants.

The court, in denying the motion to quash the attachment, retained jurisdiction of the case as a proceeding *in rem* and open to defendants' appearance. The motion to sell the foxes, *pendente lite,* involved no jurisdiction of the court, but only judicial action. There could be no special appearance by defendants in opposition to such motion, for the court had decided the question of jurisdiction and was proceeding in accord therewith, and the appearance in opposition to the motion submitted defendants to the jurisdiction of the court. This question is determined by holdings of the supreme court of the State of Wisconsin. In *Bestor* v. *Inter-County Fair,* 135 Wis. 339 (115 N. W. 809), it was stated:

''It is well settled in this court that if a litigant desires to avail himself of want of jurisdiction of his person he must keep out of court for all purposes except that of objecting to jurisdiction, or, what is the same thing, moving to dismiss on that ground. If he takes any step consistent with the idea that the court has jurisdiction of his person, such appearance amounts to a general appearance and gives the court jurisdiction for all purposes. * * * The mere

fact that the defendant stated that he appeared specially to object to the jurisdiction of the court will not protect him from the consequences of a general appearance, if the proceedings taken by him show that he appeared for any purpose consistent with jurisdiction.''

In *Driscoll* v. *Tillman,* 165 Wis. 245 (161 N. W. 795), it was said:

''The effect of the appearance cannot be controlled by the designation given it by the appearing party. In each case of doubt or dispute the court will look at the nature and object of the appearance and the issues necessarily raised and litigated thereby, and from such inspection determine whether the appearance is general or special. If the appearance is for the sole purpose of vacating an order or judgment for lack of jurisdiction because of no service of process upon the party appearing, then the appearance is special whether so designated or not.  *  *  * On the other hand, if the moving party asks for any relief that can be granted only by a court having jurisdiction, then the appearance will be held to be general, though denominated as special.''

In *Corbett* v. *Physicians' Casualty Assn.,* 135 Wis. 505 (115 N. W. 365, 16 L. R. A. [N. S.] 177), the court quoted, with approval, the following language by Dixon, C. J., in *Alderson* v. *White,* 32 Wis. 308:

'' 'The party seeking to take advantage of want of jurisdiction in every such case, must object on that ground alone, and keep out of court for every other purpose. If he goes in for any purpose incompatible with the supposition that the court has no power or jurisdiction on account of defective service of process upon him, he goes in and submits for all the purposes of personal jurisdiction with respect to himself, and cannot afterwards be heard to make the objection. It is a general appearance on his

part, equivalent in its effect to proof of due personal service of process.' ''

Defendants make the point that the Wisconsin attorney was without authority to submit them to the jurisdiction of the Wisconsin court. Defendants' Michigan attorney called upon Mr. Paul, consulted with him about the case, and gave no direction beyond suggesting "that for the present at least no general appearance should be entered in the action then pending." By subsequent letter the Michigan attorney wrote Mr. Paul and stated:

"Kindly make your motion to dissolve attachment last as long as possible and defer making a general appearance as long as we can without prejudice to our clients' interests. Some matters will have to be worked out here before we can finally determine just what course we shall pursue."

The personal property attached was *in custodia legis,* and, if perishable, the court had power to order its sale *pendente lite.* Where an attorney, representing nonresident defendants, not personally served with process, by special appearance, moves the court to quash a writ of attachment and thereby obtain dismissal of the suit, and the court denies the motion, and later, when the plaintiff moves the court for an order directing a sale of the attached property, the attorney for the defendants files an affidavit and appears in court in opposition to the requested sale, there is an appearance by defendants, and the court has jurisdiction to render a personal judgment against them. Whether participation in a suit constitutes a general appearance is not a question of intention but one of law. If an attorney, authorized to appear specially, mistakenly thinks he is doing so, but, in law, his participation submits de-

fendants to the jurisdiction of the court, the defendants cannot invoke the defense of want of authority of the attorney when they are sued in another jurisdiction upon that judgment.

The judgment is affirmed, with costs to plaintiff.

NORTH, C. J., and FEAD, BUTZEL, CLARK, McDONALD, POTTER, and SHARPE, JJ., concurred.