MACOMB CONCRETE CORPORATION *v.* THE
WEXFORD CORPORATION

1. APPEARANCE—JURISDICTION—DEFENSES—WAIVER.

A party who has been made a defendant to an action pursuant
to his own motion and who makes a general appearance in
that action waives all jurisdictional defenses he might have
against the plaintiff.

2. DISMISSAL AND NONSUIT—NO PROGRESS—RES JUDICATA.

A general-housecleaning no-progress dismissal does not operate
as an adjudication upon the merits, and hence does not bar
the reinstitution of the same action in the same court after
dismissal (GCR 1963, 504.2).

Appeal from Oakland, William R. Beasley, J.
Submitted Division 2 November 10, 1971, at Lansing. (Docket No. 11560.) Decided December 8,
1971.

Complaint by Macomb Concrete Corporation
against The Wexford Corporation and others for
breach of contract. Case dismissed for lack of
progress. Complaint refiled against The Wexford
Corporation alone. Accelerated judgment for defendant. Plaintiff appeals. Reversed and remanded.

*Dank, Peterson & Hay, P. C.,* for plaintiff.

*Grant, Schon, Wise & Grant,* for defendant.

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appearance § 6 *et seq.*
[2] 24 Am Jur 2d, Dismissal, Discontinuance, and Nonsuit § 53.

Before: McGregor, P. J., and Fitzgerald and Quinn, JJ.

Per Curiam. Plaintiff, Macomb Concrete Corporation, filed suit in Macomb County Circuit Court in 1966 alleging breach of contract naming as defendants Philip Kaplan, Herman Kaplan and Leroy Helfman, all "individually and d/b/a Wexford Development Company". The individual defendants and Wexford Corporation jointly filed a motion for change of venue, and in addition, moved that the designation of the defendants as individuals and d/b/a Wexford Development Company be changed to Wexford Corporation, a Michigan corporation, as the sole defendant. After a hearing on the motion, venue was transferred to Oakland County Circuit Court. In the order transferring the case to Oakland County Circuit Court, it was provided that the Wexford Corporation be *added* as a party defendant.

On November 6, 1967, plaintiff's action was dismissed for lack of progress by the court, pursuant to GCR 1963, 501.3 and 504.2, and the Oakland County Circuit Court rules.

Plaintiff now seeks to initiate an action against defendant based upon the same controversy alleging that there had been no service of process upon defendant and therefore the court had no jurisdiction over defendant in the initial action. Thus, while a dismissal for lack of progress is a final judgment, plaintiff contends that it is not *res judicata* against defendant who was never within the jurisdiction of the court.

Plaintiff states the relevant rule: "Only those who are named as defendants and brought in by due process, or who appear and submit to the jurisdic-

tion, are to be regarded as parties to a cause". 1 Callaghan's Michigan Pleading and Practice (2d ed), § 15.30, p 407.

A review of the authorities indicates that defendant made a general appearance in the initial action, thereby submitting itself to the jurisdiction of the court:

"It may be said, generally, that any appearance in a judicial proceeding, not specifically designated as a 'special' appearance, is deemed to be a 'general' appearance, a submission to the court's jurisdiction if it has power to act at all with respect to such an alleged controversy or claim, and a waiver of jurisdictional irregularities." 1 Callaghan's Michigan Pleading and Practice (2d ed), § 18.02, p 576.

One of the effects of submitting to the court's jurisdiction by making a general appearance is that a party waives any objection to service of process. *Najdowski* v. *Ransford* (1929), 248 Mich 465.

It is clear that defendant, by coming before the court with the request to be added as a party defendant, properly submitted to the jurisdiction of the court, waiving objection to service of process.

The contention of plaintiff that the dismissal is not *res judicata* finds substance not in the argument of lack of jurisdiction, but rather in recent decisions of this Court and the Supreme Court.

Judge LEVIN's dissent in *Green* v. *Wayne Soap Company* (1971), 33 Mich App 74, vigorously urges that "housecleaning" dismissals such as we have before us do not operate as an adjudication upon the merits, and, accordingly, a reinstitution of suit is not barred by *res judicata*. Though a dissent in *Green* in this Court, the view found support in the Supreme Court in *Green* v. *Wayne Soap Company* (1971), 385 Mich 785, wherein the Court of Appeals

decision in the case was peremptorily reversed by a unanimous bench.

Accordingly, we reverse the trial court's grant of accelerated judgment for defendant in the instant case and remand for further proceedings.

Costs to abide outcome.