PENNY v ABA PHARMACEUTICAL COMPANY (ON REMAND)

Docket No. 139328. Submitted February 2, 1993, at Detroit. Decided
December 29, 1993, at 9:20 A.M.

    Nancy Penny brought a products liability action in the Wayne
Circuit Court against ABA Pharmaceutical Company and oth-
ers, alleging that she was injured as a result of in utero
exposure to the drug diethylstilbestrol, prescribed to her
mother to prevent a spontaneous abortion. Because of her
inability to isolate the manufacturer of the drug ingested, she
based her claim on the alternative liability theory set forth in
*Abel v Eli Lilly & Co*, 418 Mich 311 (1984), that required her to
bring before the court all the manufacturers who may have
manufactured the drug. Defendant E. R. Squibb & Sons, Inc.,
apparently never was served with a summons and complaint.
The Wayne County Clerk entered an order dismissing Squibb
from the case for failure of service, but did not notify the
plaintiff of the order. The plaintiff was not aware of the order
of dismissal until, after the statute of limitations barred suit
against Squibb, defendant Eli Lilly & Company filed a motion
for summary disposition based upon the order dismissing
Squibb. The trial court, James E. Mies, J., granted summary
disposition for all the defendants because the plaintiff, in
failing to serve the summons and complaint upon Squibb, failed
to bring before the court all the manufacturers who may have
caused her injury, as required by *Abel.* Following the Court of
Appeals' denial of the plaintiff's application for delayed appeal,
the Supreme Court, in lieu of granting leave to appeal, re-
manded the case to the Court of Appeals for consideration as
on leave granted. 437 Mich 929 (1991).

    On remand, the Court of Appeals *held:*

    The trial court erred in granting summary disposition.

    1. Squibb waived any defense based on lack of service of
process when it submitted to the court's jurisdiction by having

REFERENCES

Am Jur 2d, Appearance §§ 7, 16, 17; Estoppel and Waiver §§ 26 *et
seq.*; Process §§ 111, 354.
See ALR Index under Equitable Estoppel; Process and Service of
Process and Papers.

its attorneys appear and participate in this matter. Squibb's knowledge of the pending proceedings and intention to appear in this matter constituted a general appearance.

2. The doctrine of equitable estoppel prevents Squibb from raising defenses based on lack of service of process and the statute of limitations.

Reversed.

1. PROCESS — SERVICE OF PROCESS — GENERAL APPEARANCE — WAIVER.

A party who enters a general appearance and contests a cause of action on the merits submits to the court's jurisdiction and waives service of process objections (MCR 2.102[E][2]).

2. PROCESS — SERVICE OF PROCESS — GENERAL APPEARANCE — WAIVER.

Any action on the part of a defendant that recognizes a pending proceeding, with the exception of objecting to the court's jurisdiction, generally will constitute a general appearance; two requirements must be met to render an act adequate to support the inference that there is an appearance: knowledge of the pending proceedings and an intent to appear.

3. EQUITY — ESTOPPEL.

Equitable estoppel arises where a party, by representations, admissions, or silence, intentionally or negligently induces another party to believe certain facts; the second party not only must have relied justifiably on this belief, but also must be subject to prejudice if the first party is permitted to deny the facts upon which the second party relied.

*Barr & Associates* (by *Charles J. Barr*), for the plaintiff.

*Kohl, Secrest, Wardle, Lynch, Clark & Hampton* (by *John Mitchell*), for Wyeth Laboratories.

*Cheatham & Acker, P.C.* (by *William E. Osantowski*), for Kremers-Urban Company.

*DeMoss & Thompson* (by *Peggy King Scully*), for Approved Pharmaceutical Corporation.

*Dickinson, Wright, Moon, Van Dusen & Free-*

man (by *Kathleen A. Lang*), and *Shook, Hardy & Bacon* (by *Laurel J. Harbour* and *Michelle R. Mangrum*), for Eli Lilly & Company.

*Plunkett & Cooney, P.C.* (by *Robert G. Kamenec*), for E. R. Squibb & Sons, Inc.

ON REMAND

Before: WAHLS, P.J., and MICHAEL J. KELLY and CONNOR, JJ.

PER CURIAM. In this products liability case, plaintiff alleges that she was injured as a result of in utero exposure to the drug diethylstilbestrol (DES). Plaintiff's mother was prescribed DES to prevent a spontaneous abortion. Because of her inability to isolate the drug manufacturer of the product ingested, plaintiff based her claim on the alternative liability theory set forth in *Abel v Eli Lilly & Co*, 418 Mich 311, 329-331; 343 NW2d 164 (1984), reh den 419 Mich 1201 (1984), cert den 469 US 833 (1984). Under that theory, plaintiff was required to bring before the court all the manufacturers who may have manufactured the drug. On January 28, 1987, plaintiff filed suit against numerous manufacturers of DES.

Subsequently, the trial court entered an order extending until January 27, 1988, the time in which to serve all defendants. Apparently, defendant E. R. Squibb & Sons, Inc., was never served with a summons and complaint in this case.[1] On February 25, 1988, the Wayne County Clerk entered an order pursuant to MCR 2.102(E) dismiss-

---

[1] Although plaintiff suggests that Squibb was served with a summons and complaint, she admits that she cannot provide an affidavit of service. Squibb denies ever being served with a summons and complaint in this matter and has filed affidavits to that effect.

ing Squibb from the case for failure of service. Evidently, plaintiff did not become aware of this order of dismissal until August 12, 1988, when defendant Eli Lilly & Company filed a motion for summary disposition based upon the clerk's order of Squibb's dismissal from this matter. The statute of limitations barred suit against Squibb in March 1988.[2]

On November 3, 1989, the trial court granted summary disposition in favor of all defendants because plaintiff, in failing to serve the summons and complaint upon Squibb, failed to bring before the court all the actors who may have caused her injury as required by *Abel, supra.*

Following this Court's denial of plaintiff's application for delayed appeal, the Supreme Court, in lieu of granting leave to appeal, remanded the case to this Court for consideration as on leave granted. 437 Mich 929 (1991).

The sole issue for our consideration is whether the trial court properly granted defendants' motion for summary disposition in this matter.

Plaintiff first argues that Squibb submitted to the court's jurisdiction by appearing in this matter, and thereby waived any defense based on lack of service of process. We agree.

A party who enters a general appearance and contests a cause of action on the merits submits to the court's jurisdiction and waives service of process objections. *In re Slis,* 144 Mich App 678, 683; 375 NW2d 788 (1985). Generally, any action on the part of a defendant that recognizes the pending proceedings, with the exception of objecting to the

[2] On March 30, 1989, in an attempt to cure the earlier failure to prove she served Squibb, plaintiff filed another lawsuit against Squibb. However, the period of limitation having expired in March 1988, the second action was dismissed on statute of limitations grounds.

court's jurisdiction, will constitute a general appearance. Only two requirements must be met to render an act adequate to support the inference that there is an appearance: (1) knowledge of the pending proceedings and (2) an intent to appear. *Ragnone v Wirsing*, 141 Mich App 263, 265; 367 NW2d 369 (1985). A party that submits to the court's jurisdiction may not be dismissed for not having received service of process. MCR 2.102(E)(2).

We find that Squibb had knowledge of the pending proceedings and an intention to appear in this matter. Squibb's attorney was appointed to the steering committee set up in this matter to facilitate all defendants' defenses and for ease of communication between the parties. In addition to attending steering committee meetings, Squibb's attorney was also present and participated in specifically allocated "DES case motion days" set by the trial court. Furthermore, on January 8, 1988, Squibb's counsel sent a letter to plaintiff's counsel, referencing this matter, indicating that a true copy of the court's order granting a motion for extension of time within which to answer interrogatories was enclosed. Squibb was aware that plaintiff had filed this action against it, and it retained attorneys who appeared and participated. Squibb's actions constituted a general appearance. *Ragnone, supra.* Under these circumstances, Squibb may not raise as a defense the lack of service of process. *In re Slis, supra.* Squibb submitted to the court's jurisdiction, and, therefore, summary disposition was improper.

As an alternative ground for reversal, plaintiff argues that the doctrine of equitable estoppel prevents Squibb from raising a defense based on lack of service of process or on the statute of limitations. We agree that the doctrine of equitable

estoppel also mandates reversal of the trial court's order granting defendants' motion for summary disposition.

The doctrine of equitable estoppel rests on broad principles of justice. It is applicable to actions at law and in equity. *In re Prichard Estate,* 169 Mich App 140; 425 NW2d 744 (1988). Estoppel arises where a party, by representations, admissions, or silence, intentionally or negligently induces another party to believe certain facts. The other party must not only have justifiably relied on this belief, but also must be subject to prejudice if the first party is permitted to deny the facts upon which the second party relied. *Schepke v Dep't of Natural Resources,* 186 Mich App 532, 534-535; 464 NW2d 713 (1990).

It is clear that even assuming Squibb was not served with a summons and complaint in this matter, it was aware of the pendency of the lawsuit against it and active in its defense. Squibb's attorney was appointed to the steering committee set up in this matter to facilitate all defendants' defenses and for ease of communication between the parties. In complex, multiparty cases, committee representation may be employed to facilitate court management and ease the burden of unwieldy numbers. In addition to attending the steering committee meetings, Squibb's attorney was also present at and participated in specifically allocated "DES case motion days" set by the trial court. Furthermore, on January 8, 1988, trial counsel for Squibb sent a letter to plaintiff's counsel, referencing this matter, indicating that a true copy of the court's order granting a motion for extension of time within which to answer interrogatories was enclosed. Clearly, its retained attorneys acted in a manner consistent with actively defending this lawsuit.

On this record, we find that Squibb's actions and inactions in this case misled plaintiff into believing that it had been properly served and had not been dismissed from this case; that it was a party actively defending.

After the summons had expired on January 27, 1988, with no return of service on Squibb, Squibb unilaterally sought a clerk's order of dismissal from the Wayne County Clerk pursuant to MCR 2.102(E) for plaintiff's failure to serve Squibb with a summons and complaint. The February 25, 1988, dismissal order, prepared by counsel for Squibb, stated as follows:

> That this matter having come before the Court upon the expiration of the summons issued against E. R. SQUIBB, the same having not been served upon them within the one hundred eighty-two (182) days, [a]s provided by MCR 2.102 and the Court otherwise being fully advised in the premises,
>
> It is hereby ordered that Defendant E. R. SQUIBB, only, is dismissed from this action without prejudice pursuant to MCR 2.102(E).

This order was signed by a deputy county clerk of the Wayne County Clerk's Office. The order was entered pursuant to MCR 2.102(E), which provides as follows:

> Dismissal as to Defendant Not Served.
>
> (1) On the expiration of the summons as provided in subrule (D), the action is deemed dismissed without prejudice as to a defendant who has not been served with process as provided in these rules, unless the defendant has submitted to the court's jurisdiction. As to a defendant added as a party after the filing of the first complaint in the action, the time provided in this rule runs from the filing of the first pleading that names that defendant as a party.

(2) After the time stated in subrule (E)(1), the clerk shall examine the court records and enter an order dismissing the action as to a defendant who has not been served with process or submitted to the court's jurisdiction. The clerk's failure to enter a dismissal order does not continue an action deemed dismissed.

(3) The clerk shall give notice of the entry of a dismissal order under MCR 2.107 and record the date of the notice in the case file. The failure to give notice does not affect the dismissal.

Although subsection 3 of MCR 2.102(E) provides that the clerk shall give notice of the entry of a dismissal order, the lower court record reflects that the Wayne County Clerk did not do so in this case. Subsection 3 also provides that the failure to give notice does not affect the dismissal. We assume that one of the reasons behind this portion of subsection 3 is to protect against laxity in the clerk's office where, as in this case, the clerk fails to give notice of the entry of the dismissal order. However, as illustrated by the facts of this case, the failure to provide notice of the entry of a dismissal order can result in severe consequences to a plaintiff.

Squibb could have provided plaintiff with notice of the dismissal order, but failed to do so. Squibb does not dispute plaintiff's claim that she was unaware of its entry until codefendant Eli Lilly filed its motion for summary disposition in August 1988, bringing the Squibb dismissal to the fore.

After reviewing the record and noting the chronology of events, we believe that Squibb negligently or intentionally concealed the fact that a dismissal order had been entered in its favor, in anticipation that plaintiff would not discover the defect until after the period of limitation had expired. Apparently, the court clerks customarily

neglect to provide plaintiffs with notice of dismissals by failing to serve them with a copy of the dismissal order as required by MCR 2.102(E). We believe that the actions of Squibb's counsel support the inference that it correctly prognosticated clerical failure to serve notice of dismissal in this matter. Had plaintiff known of the dismissal order before the expiration of the period of limitation, she could have taken appropriate action, because MCR 2.102(E)(1) provides that any dismissal is "without prejudice." We do not disregard clerical incompetence here, we simply have no means to provide a remedy for it. We decline to permit one side to gain undue advantage from it. Plaintiff relied on her belief of viability of service to her detriment. Under these circumstances, the doctrine of equitable estoppel prevents Squibb from raising as defenses the lack of service of process and the expiration of the period of limitation.

The trial court erred in granting defendants' motion for summary disposition in this matter.

Reversed.