*In re* GORDON ESTATE

SPEARS v NBD BANK, NA

Docket No. 177275. Submitted April 2, 1996, at Detroit. Decided March 2, 1997, at 9:00 A.M.

Geneva Spears petitioned the Genesee County Probate Court for the allowance of her claim against the estate of Robertson Gordon, deceased, after receiving from the personal representative of the estate, NBD Bank, N.A., a notice disallowing the claim. The court, Thomas L. Gadola, J., after determining that the petition did not conform with the requirements of § 717(1) of the Revised Probate Code, MCL 700.717(1); MSA 27.5717(1), and MCR 5.101(C), quashed the petition and denied the petitioner leave to amend her pleadings. The petitioner appealed.

The Court of Appeals *held*:

1. A conflict exists between § 717(1), which provides that a claimant may contest a personal representative's disallowance of a claim against the estate by filing a petition for allowance of the claim or by commencing a civil action against the personal representative, and MCR 5.101(C), which requires a petition filed by a claimant after notice of disallowance of the claim to be titled a civil action and commenced by filing a complaint. In view of the procedural nature of the provisions of § 717(1), and consistent with the constitutionally decreed supremacy of the Supreme Court's rule-making power in matters of practice and procedure where a statute with conflicting procedural provisions reflects no legislative policy consideration other than judicial dispatch of litigation, the conflict between § 717(1) and MCR 5.101(C) must be resolved in favor of the court rule.

2. Although the petitioner's pleadings did not conform with MCR 5.101(C), the probate court erred in quashing the petition and denying the petitioner leave to amend her pleadings. MCR 5.101(C) provides that a civil action to contest a disallowance of a claim is governed by the rules applicable to civil actions in the circuit court, among which is MCR 2.118(A), which provides that leave to amend shall be freely given where justice requires.

3. On remand, the probate court must determine whether the lack of a summons and complaint in the manner prescribed by

MCR 2.105 can be excused or whether dismissal without prejudice is warranted in accordance with MCR 2.102(E).

Reversed and remanded.

ACTIONS — CLAIMS AGAINST DECEDENTS' ESTATES.

A claimant against a decedent's estate who receives from the personal representative a notice disallowing the claim may contest the disallowance in the probate court only by filing a complaint for a civil action against the personal representative; such an action is subject to the court rules that apply to civil actions in the circuit court (MCR 5.101[C]).

*James J. Zimmer*, for Geneva Spears.

*William A. Shaheen, Jr.*, for NBD Bank, N.A.

Before: YOUNG, P.J., and HOLBROOK, JR., and J. R. ERNST*, JJ.

YOUNG, P.J. Petitioner appeals as of right from an order quashing her petition for allowance of a disputed claim and denying her petition for leave to file a delayed claim that requested leave to amend the petition. We reverse and remand.

I

BACKGROUND

Petitioner cared for Reverend Robertson Gordon from 1986, when he was paralyzed by a stroke, until his death on March 30, 1993. On July 14, 1993, petitioner filed against the estate a claim for services rendered. The personal representative sent a notice of disallowance of the claim on December 2, 1993, and again on December 13, 1993. The notices advised petitioner that her claim would be disallowed unless "you start a civil action by filing a complaint against the fiduciary. Your complaint must be filed with a district,

---

* Circuit judge, sitting on the Court of Appeals by assignment.

circuit or probate court not later than 63 days after the mailing of this notice." On January 28, 1994, petitioner filed a "petition for allowance of disputed claim" with the probate court. The personal representative then filed a motion to quash the petition, arguing that petitioner failed to commence a civil action by complaint, as required by § 717(1) of the Revised Probate Code (hereafter RPC) and the probate court rules. MCL 700.717(1); MSA 27.5717(1); MCR 5.101. In her reply, petitioner urged that her petition conformed with the RPC and court rule, but also requested leave to amend her petition to cure any alleged procedural defects.

Following a hearing, the probate court quashed the petition, holding that petitioner's pleading did not conform with the procedural requirements in the RPC and court rule. The court then dismissed her claim in its entirety, concluding that, because petitioner's timely filed petition had been quashed and the limitation period had passed by the time of the hearing, petitioner could not now contest the notice of disallowance within the time permitted. The court also denied petitioner's request for leave to amend, reasoning that the RPC did not authorize the court to extend the time for filing a claim after the time for filing the claim had expired.

On appeal, petitioner argues that her petition for allowance of a disputed claim was authorized by § 717(1) and MCR 5.101(C). Alternatively, petitioner argues that the probate court should have allowed her to amend her petition to correct any technical defects because the personal representative had notice of the nature of her claim.

The personal representative responds that dismissal of the petition was proper because both the RPC and the court rule require filing a complaint. It is the personal representative's contention that the procedural requirements in the court rule supersede the RPC procedural provisions, emphasizing further that MCR 5.101(C) clearly states that a *civil action* must be filed in response to a notice of disallowance. Similarly, the personal representative maintains that the RPC also required that petitioner file a *complaint* once petitioner received notice of disallowance that "warned of the impending bar" to her claim. See MCL 700.717(1); MSA 27.5717(1). Finally, and alternatively, the personal representative contends that petitioner's action was properly dismissed for failure of service.

II

A

PROCEDURAL CONFLICT: § 717(1) VERSUS MCR 5.101(C)

Under the RPC, after the personal representative receives a creditor's claim against the estate, the personal representative is authorized to disallow the claim by mailing a notice of disallowance to the claimant. MCL 700.717(1); MSA 27.5717(1). The notice of disallowance effectively bars the claim against the estate unless the claimant acts to contest the notice. *Id.* Section 717(1) provides that a claimant may contest the disallowance by petitioning the court to allow the claim or by commencing a proceeding against the personal representative not later than sixty-three days from the date the notice of disallowance was mailed, if the notice "warns the claimant of the impending

bar."[1] MCL 700.717(1); MSA 27.5717(1). Thus, the RPC provides a claimant with two alternative procedures in the event the personal representative disallows a claim.[2]

By contrast, MCR 5.101(C) requires that after a notice of disallowance has been issued, a petition filed by a claimant *must* be titled a "civil action" and

---

[1] Section 717(1) provides as follows:

If a claim is presented in the manner described in section 712, the personal representative may mail a notice to a claimant stating that the claim has been disallowed in whole or in part. If, after allowing or disallowing a claim, the personal representative changes a decision concerning the claim, the personal representative shall notify the claimant. The personal representative shall not change a decision disallowing a claim if the time for the claimant to file a petition for allowance has passed or if the time to commence a proceeding on the claim has run and the claim has been barred. A claim that is disallowed in whole or in part by the personal representative is barred to the extent not allowed *unless the claimant files a petition for allowance in the court or commences a proceeding against the personal representative not later than 63 days after the mailing of the notice of disallowance or partial allowance if the notice warns the claimant of the impending bar.* Failure by the personal representative to mail to a claimant notice of action on the claim within 63 days after the time for original presentation of the claim has expired or within 63 days after the appointment of the personal representative, whichever is later, shall constitute a notice of allowance. Failure by an interested person to mail to the personal representative notice of an objection to a personal representative's claim within 63 days after the time for original presentation of the claim has expired shall constitute a notice of allowance. [MCL 700.717(1); MSA 27.5717(1) (emphasis added).]

[2] The personal representative argues that a claimant who receives a notice of disallowance that "warns of the impending bar" may only file a civil action within sixty-three days and cannot exercise the alternative of filing a petition to allow a claim. We disagree. By use of the disjunctive "or," the Legislature intended two alternative forms of contesting a disallowed claim. *Beauregard-Bezou v Pierce*, 194 Mich App 388, 393; 487 NW2d 792 (1992) ("[T]he literal meaning of 'or' should be followed unless it renders the statute dubious.").

commenced by filing a "complaint."[3] Further, the rule provides that the filing of such an action is governed by the court rules applicable to civil actions in the circuit court. MCR 5.101(C). The rule effectively eliminates one of the RPC alternatives (i.e., filing a *petition* with the court to contest a disallowed claim), thus creating a direct conflict between § 717(1) and the court rule.

Conflict between the procedural rules of the court rule and the RPC raises an issue of first impression—Is a claimant's response to a personal representative's notice of disallowance governed by § 717(1) or by MCR 5.101(C)?

Generally, the Supreme Court's rule-making power is constitutionally supreme in matters of practice or procedure. Const 1963, art 6, § 5. However, the Supreme Court's rule-making power is constitutionally supreme in matters of practice and procedure *only* when the conflicting statute embodying putative procedural rules reflects no legislative policy consideration other than judicial dispatch of litigation. 3 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), p 404; *Kirby v Larson*, 400 Mich 585,

---

[3] MCR 5.101 provides as follows:

(A) Form of Action. There are two forms of action, a "proceeding" and a "civil action."

(B) Commencement of Proceeding. A proceeding is commenced by filing a petition with the court.

(C) Civil Actions, Commencement, Governing Rules. The following actions, must be titled civil actions, commenced by filing a complaint and governed by the rules which are applicable to civil actions in circuit court:

(1) Any action against another filed by a fiduciary or trustee, and

*(2) A petition filed by a claimant after notice that the claim has been disallowed.* [Emphasis added.]

598; 256 NW2d 400 (1977) (WILLIAMS, J.). Thus, while purely procedural matters are constitutionally delegated to the Supreme Court, a court rule promulgated by that Court cannot intrude upon substantive legislated policy matters such as the restriction or expansion of the jurisdiction of the probate court. *In re Hillier Estate*, 189 Mich App 716, 719; 473 NW2d 811 (1991); see also *In re Kasuba Estate*, 401 Mich 560, 566; 258 NW2d 731 (1977) (the Supreme Court cannot expand the jurisdiction of the probate court without legislative consent). Consequently, in resolving the conflict between the court rule and the RPC, our task is to determine whether the procedures prescribed in the RPC reflect a substantive legislative policy beyond "judicial dispatch of litigation." *Kirby, supra.*

The conflict between the RPC and the court rule was created after the Legislature amended the RPC in 1989 to expand the probate court's jurisdiction to include concurrent jurisdiction with the circuit court over civil claims. 1989 PA 69, MCL 700.21; MSA 27.5021, MCL 700.22; MSA 27.5022. The Legislature failed to amend the procedural requirements specified in § 717(1) to conform with the new jurisdictional amendments. To fill the breach, the Supreme Court amended the probate court rules in 1992 in recognition of the probate court's expanded jurisdiction. 439 Mich clxii; see also Comment to MCR 5.101.[4] Specifically, MCR 5.101 was modified to recognize two types of actions that could be conducted in the probate court ("proceedings" and "civil actions") and, as noted above, to extend application of the circuit court

---

[4] The Supreme Court adopted additional amendments of the rules in 1994 in recognition of the probate court's expanded jurisdiction. 439 Mich clxxi; see, e.g., MCR 5.508 and Comment to former MCR 5.510.

rules to civil claims that would now be litigated in probate.[5] MCR 5.101(A), (C).

The RPC provisions at issue do not address jurisdictional issues or any other identifiable substantive legislative policy consideration, but merely procedural issues concerning how to initiate the probate court's review of a disallowed claim. Moreover, the amendments of MCR 5.101 do not touch upon substantive or jurisdictional issues and are consistent with procedural considerations attendant to the legislative expansion of the probate court's jurisdiction to litigate civil claims. Consequently, we hold that the court rule governs the procedure to be followed when a claimant responds to a notice of disallowance by the personal representative. Thus, the court rule supersedes the RPC procedural requirements such that a petition filed after a notice of disallowance must be labeled a "civil action" and a complaint must be filed in accordance with MCR 5.101(C).

B

DISMISSAL OF PETITIONER'S PETITION

Although petitioner's petition, on its face, does not conform with MCR 5.101(C), we hold that it was improper for the probate court to quash petitioner's pleading for these procedural defects. MCR 5.101(C) provides that the "civil actions" concerning claim disallowance disputes now legislatively authorized to be litigated in the probate court are governed by the

---

[5] Before the amendment, MCR 5.101 read as follows:

(A) Form of Action. There is one form of action, a "proceeding."
(B) Commencement of Proceeding. A proceeding is commenced by filing a petition with the court.

court rules applicable to actions brought in the circuit court. Accordingly, under those rules, a party filing a defective pleading can seek leave to amend the pleading. See MCR 2.118. MCR 2.118(A) provides that "leave to amend shall be freely given where justice requires."

Petitioner's pleading was labeled a "petition," but it was drafted in the form of a civil complaint, which included one count of oral contract, another count of implied contract, and a jury demand. Also, petitioner requested leave to file a delayed claim pursuant to MCL 700.712(2); MSA 27.5712(2). Though made under the procedure set forth in the RPC, petitioner's request was consistent with a request to amend pursuant to MCR 2.118 and should have been treated as such by the probate court. This is particularly so, because, in her request, petitioner sought leave *to correct the procedural defects in her petition*, arguing that her pleading was timely filed and that the personal representative had not been prejudiced by the alleged procedural defects. Significantly, when denying the petitioner's request for leave to amend, the probate court found that petitioner, in good faith, filed a pleading within the time limitation prescribed, that dismissal of the petition would be unjust, and that the personal representative had not been prejudiced by the defects in the petition.[6] Therefore, petitioner's request to

---

[6] In *Ben P Fyke & Sons v Gunter Co*, 390 Mich 649, 656; 213 NW2d 134 (1973), the Court stated:

In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave

amend to cure the defects in her original petition should have been granted under MCR 2.118(A).[7]

### III

### DEFECTIVE SERVICE

The personal representative alternatively maintains that petitioner's pleading should have been dismissed because she failed to serve a summons with a complaint in the manner prescribed by MCR 2.105. Generally, defective service of process will not warrant dismissal of a party's pleading unless the service failed to notify the defendant of the action "within the time prescribed for service." MCR 2.105(J)(3). However, a complete failure of service, e.g., failure to serve the

---

sought should, as the rules require, be "freely given." [Citations omitted.]

A court that denies a party's motion to amend must specify one of these reasons in its denial, and a failure to do so constitutes error requiring a reversal unless such amendment would be futile. *Terhaar v Hoekwater*, 182 Mich App 747, 751; 452 NW2d 905 (1990).

[7] The probate court denied petitioner's request on the basis that § 712(2) did not authorize the court to extend the time for filing a petition after the time for filing the petition had passed. We disagree. Section 712(2) provides in part:

For a claim that is not presently due or that is contingent or unliquidated, the personal representative may consent to an extension of the 63-day period, or to avoid injustice the court, on petition, may order an extension of the 63-day period, *but an extension shall not be consented to or ordered if the extension would run beyond the applicable statute of limitations.* [MCL 700.712(2); MSA 25.5712(2) (emphasis added).]

A plain reading of this language indicates that the only restrictions to the probate court's authority to grant an extension include (1) a finding that it is necessary to avoid injustice and (2) that the extension cannot run beyond the applicable statute of limitations. The probate court found that dismissal of petitioner's petition created an injustice and that the claim had not run afoul of the limitation statute. Therefore, even if the RPC's procedure controlled this question, the court's holding that it was without authority to grant the extension is erroneous.

summons with the complaint within the time for service, warrants dismissal for improper service of process. *Holliday v Townley*, 189 Mich App 424, 426; 473 NW2d 733 (1991). Still, a party who enters a general appearance and contests a cause of action on the merits submits to the court's jurisdiction and waives service of process objections. *Penny v ABA Pharmaceutical Co (On Remand)*, 203 Mich App 178, 181; 511 NW2d 896 (1993).

There is no dispute that the personal representative was notified of the action within the time prescribed. Disputed facts remain regarding whether the absence of a summons was due to petitioner's act or omission,[8] or whether the personal representative, as the administrator of a probated estate, has submitted to the court's jurisdiction.[9] Consequently, on remand, the probate court must review whether any defects in service can be excused or whether dismissal without prejudice is warranted in accordance with MCR 2.102(E).

---

[8] Petitioner's counsel explained to the probate court that he requested a summons when he filed the petition, but the clerk with the probate court's register did not issue a summons and advised counsel to get a court order for supervision instead. After this, petitioner's counsel filed the petition with a request for court supervision.

[9] As stated in *Penny, supra,* pp 181-182:

> Generally, any action on the part of a defendant that recognizes the pending proceedings, with the exception of objecting to the court's jurisdiction, will constitute a general appearance. Only two requirements must be met to render an act adequate to support the inference that there is an appearance: (1) knowledge of the pending proceedings and (2) an intent to appear. *Ragnone v Wirsing*, 141 Mich App 263, 265; 367 NW2d 369 (1985). A party that submits to the court's jurisdiction may not be dismissed for not having received service of process. MCR 2.102(E)(2).

We reverse and remand for proceedings consistent with this opinion. We do not retain jurisdiction.