CAVANAGH, J.
(Idissenting). Although I agree with the majority’s analysis in part 111(A) of its opinion, I do not believe that we need to reach the issue regarding whether a jury trial is required to resolve a dispute over service of process. Rather, this case can and should be decided on the ground that defendant Setti Rengachary, M.D., waived his right to challenge the sufficiency of service of process when his counsel, before disputing sufficiency, participated in an action that resulted in the trial court issuing an order. For these reasons, I would reverse the judgment of the Court of Appeals in part and remand this case for trial.
The majority apparently concludes that because MCR 2.116(D)(1) describes the manner in which a service of process dispute must be raised, then as long as a party raises the issue in that manner, his ability to raise the issue cannot be challenged. But the majority completely ignores fundamental principles regarding waiver.
*299 The instructions contained in MCR 2.116(D)(1) pertaining to when a defense regarding service of process must be raised in no way excludes the possibility that the right to raise such a defense can be waived in a manner other than failing to raise the defense in a motion or first responsive pleading. Namely, a waiver of the right to raise that defense occurs when a party submits to the court’s jurisdiction before raising the defense.
Because waiver can occur in ways other than failing to comply with the cited court rule, it is important to examine the general rules behind appearances and the consequences of appearing before a court. MCR 2.117(B), the court rule governing appearances of attorneys before the trial court, outlines the following rules:
(1) In General. An attorney may appear by an act indicating that the attorney represents a party in the action. An appearance by an attorney for a party is deemed an appearance by the party. Unless a particular rule indicates otherwise, any act required to be performed by a party may be performed by the attorney representing the party.
(2) Notice of Appearance.
(a) If an appearance is made in a manner not involving the filing of a paper with the court, the attorney must promptly file a written appearance and serve it on the parties entitled to service. The attorney’s address and telephone number must be included in the appearance.
(b) If an attorney files an appearance, but takes no other action toward prosecution or defense of the action, the appearance entitles the attorney to service of pleadings and papers as provided by MCR 2.107(A).
In Penny v ABA Pharmaceutical Co (On Remand), 203 Mich App 178, 181-182; 511 NW2d 896 (1993), the *300 Court of Appeals explained the corollary principles surrounding appearances by attorneys, which principles accord with the court rule:
A party who enters a general appearance and contests a cause of action on the merits submits to the court’s jurisdiction and waives service of process objections. In re Slis, 144 Mich App 678, 683; 375 NW2d 788 (1985). Generally, any action on the part of a defendant that recognizes the pending proceedings, with the exception of objecting to the court’s jurisdiction, will constitute a general appearance. Only two requirements must be met to render an act adequate to support the inference that there is an appearance: (1) knowledge of the pending proceedings and (2) an intent to appear. Ragnone v Wirsing, 141 Mich App 263, 265; 367 NW2d 369 (1985). A party that submits to the court’s jurisdiction may not be dismissed for not having received service of process. MCR 2.102(E)(2).
These principles can be traced in this Court’s jurisprudence as far back as 1929. See Najdowski v Ransford, 248 Mich 465, 471-472; 227 NW 769 (1929). And the principles have not varied over time. See, e.g., Macomb Concrete Corp v Wexford Corp, 37 Mich App 423, 425; 195 NW2d 93 (1971) (holding that “[o]ne of the effects of submitting to the court’s jurisdiction by making a general appearance is that a party waives any objection to service of process”); Ragnone, supra at 265-266 (holding that when the defendant “communicated with plaintiff for the purpose of negotiating a settlement, wrote a letter seeking an extension of time for filing an answer, and even attended the scheduled meeting,” the defendant “appeared” before the court). The majority provides no sound reason for ignoring the dispositive effect of a party submitting himself to the jurisdiction of a court before contesting that court’s jurisdiction over him. Under the majority’s novel rationale, a party can fully participate in a case and such *301 participation will have no consequence as long as the party challenges service of process in his first motion or first responsive pleading. This new rule, accomplished by unjustifiably overruling Penny, supra,[1] turns the concepts of jurisdiction and waiver on their heads, for a party can ask for relief from the court, get such relief, and then successfully argue that the court had no jurisdiction to rule in the matter.
In fact, that is precisely what occurred in the present case. Defendant Rengachary, through his attorney, submitted himself to the jurisdiction of the court and, thus, waived his right to challenge the sufficiency of service of process, when he expressed knowledge of the pending proceedings and an intent to appear. After the date on which plaintiff claims defendant Rengachary was given notice of the lawsuit by being served a summons and complaint, plaintiffs counsel communicated with Bart O’Neill of Saurbier & Siegan, EC., who maintained that he represented all defendants in the matter. Then, O’Neill represented each of the defendants’ interests by participating in formulating and executing a stipulation and order. Plaintiff s counsel and O’Neill negotiated a deal in which they stipulated admitting all of plaintiffs medical records in exchange for plaintiff granting a two-week extension for defendants to file responsive pleadings. At no time did defense counsel intimate any problem with service of process or suggest that he would be asserting that one defendant, Rengachary, was *302 not served. Rather, O’Neill signed a stipulation that contained this statement:
Plaintiffs counsel has contacted and spoken with Counsel for the Defendants SETTI S. RENGACHARY, M.D., THE DETROIT MEDICAL CENTER, HARPER-HUTZEL HOSPITAL, AND UNIVERSITY NEUROSURGICAL ASSOCIATES, PC., with this information and both hereby stipulate and agree to the above request in the above referenced matter.
And O’Neill’s signature was “on behalf of all Defendants,” as also reflected in that document.
Further, the parties, through their respective attorneys, then submitted a proposed order to the trial court, which order formalized the parties’ agreement that plaintiffs medical records would be admitted at trial. The trial court signed the order, and it was entered in the court file.
These actions on the part of defendant Rengachary’s attorney constituted “an act indicating that the attorney represents a party in the action,” which, under MCR 2.117(B)(1), is an appearance. And the appearance clearly met the test set forth in Penny, demonstrating that defendant had “knowledge of the pending proceedings” and “an intent to appear.” Penny, supra at 182. Anyone reading the stipulation — most importantly, the court — would have no reason to conclude anything other than that O’Neill represented and was speaking on behalf of defendant Rengachary, who would be presumed to have knowledge of that representation. An attorney speaks for his client. Thus, defendant Renga-chary had knowledge of the pending proceedings and an intent to appear, and, in fact, did appear. At that time, the court assumed jurisdiction over defendant Renga-chary. And because he appeared before first asserting a service-of-process defense through the measures set *303 forth in MCR 2.116(D)(1), and jurisdiction was obtained over him at that time, defendant Rengachary waived his right to thereafter contest whether he had been properly served.
My conclusion on this issue would render the remaining issue moot. Thus, I would not reach the issue whether dismissal of plaintiffs claim against an agent necessitates dismissal of plaintiffs claims against the agent’s principals. Instead, I would hold that plaintiff may proceed in his claim against all defendants because defendant Rengachary submitted to the jurisdiction of the court and, thus, waived his right to challenge service of process.
Weaver and Kelly, JJ., concurred with Cavanagh, J.

 The majority contends that the concepts in Penny are inconsistent with MCR 2.117(B). But the Penny Court’s analysis of waiver is far broader than the court rule governing appearances, and the court rule in no way obviates the Penny reasoning. The majority fails to explain or provide any sound justification regarding why a court rule dictating when a defense involving service of process must be raised abrogates widely accepted notions of submitting oneself to the jurisdiction of a court by appearing before it and, thus, waiving certain defenses.