**Michigan Supreme Court**
**Lansing, Michigan**

| Chief Justice: | Justices: |
| --- | --- |
| Clifford W. Taylor | Michael F. Cavanagh |
| | Elizabeth A. Weaver |
| | Marilyn Kelly |
| | Maura D. Corrigan |
| | Robert P. Young, Jr. |
| | Stephen J. Markman |

# Opinion

FILED MAY 2, 2007

ABDUL AL-SHIMMARI,

Plaintiff-Appellee/
Cross-Appellant,

v                                                                  No. 130078

THE DETROIT MEDICAL CENTER,
HARPER-HUTZEL HOSPITAL,
UNIVERSITY NEUROSURGICAL
ASSOCIATES, P.C., and SETTI
RENGACHARY, M.D.,

Defendants-Appellants/
Cross-Appellees.

_____

BEFORE THE ENTIRE BENCH

MARKMAN, J.

We heard oral argument on whether to grant the application and cross-application for leave to appeal in order to consider whether MCR 2.116(I)(3) requires a trial court to conduct a jury trial to determine whether service of process was sufficient, whether a general appearance by a defendant waives an objection to the sufficiency of service of process under MCR 2.116(C)(3), and whether a

plaintiff may proceed with a vicarious liability claim against various medical entities after the claim against the allegedly negligent doctor has been dismissed. Because we conclude that MCR 2.116(I)(3) does not require a jury trial to determine whether service of process was sufficient, we reverse the part of the Court of Appeals judgment that required such a trial. Because MCR 2.116(D)(1) states that a party waives an objection to service of process under MCR 2.116(C)(3) unless the objection is raised in a party's first motion or responsive pleading, we further conclude that a general appearance does not waive objections to service of process under MCR 2.116(C)(3) if the party properly raises such objections under MCR 2.116(D)(1). Accordingly, we reverse the part of the Court of Appeals judgment that held otherwise. Finally, because the dismissal of the claim against the doctor based on the expiration of the period of limitations operated as an adjudication on the merits under MCR 2.504(B)(3), we reverse the part of the Court of Appeals judgment that allowed the suit to proceed on the basis of vicarious liability against defendant medical entities.

## I. FACTS AND PROCEDURE

Plaintiff Abdul Al-Shimmari was treated by defendant Dr. Setti Rengachary for back pain. After examining the plaintiff, Rengachary recommended that plaintiff undergo back surgery, and he performed the surgery on September 17, 2001. After the surgery, plaintiff continued to feel pain, and in July 2002 a

2

different doctor concluded that plaintiff had suffered nerve injury as a result of the surgery.

Because the surgery took place on September 17, 2001, the two-year period of limitations expired on September 17, 2003. MCL 600.5805(6).[1] On September 16, 2003, plaintiff served a notice of intent to bring this action on defendants Rengachary, Harper-Hutzel Hospital, Detroit Medical Center, and University Neurosurgical Associates, P.C. The notice of intent tolled the statute of limitations for 182 days, until March 16, 2004. MCL 600.5856(d). Plaintiff then had until March 17, 2004, to file a complaint properly. At the time this complaint was filed, MCL 600.5856 stated:

> The statutes of limitations or repose are tolled:
>
> (a) At the time the complaint is filed and a copy of the summons and complaint are served on the defendant.[2]

Therefore, plaintiff had to serve the defendants by March 17, 2004. Plaintiff filed the complaint charging medical malpractice on March 10, 2004, alleging negligence, battery, and lack of informed consent against all defendants,[3] and

---

[1] "Except as otherwise provided in this chapter, the period of limitations is 2 years for an action charging malpractice."

[2] Effective April 22, 2004, MCL 600.5856(a) was revised by 2004 PA 87, and now provides that the statute of limitations is tolled "[a]t the time the complaint is filed, if a copy of the summons and complaint are served on the defendant within the time set forth in the supreme court rules."

[3] Plaintiff did not allege that University Neurological Associates was
(continued…)

vicarious liability against Harper-Hutzel Hospital, Detroit Medical Center, and University Neurosurgical Associates. On April 6, 2004, defendants' counsel signed a stipulation for the admission of plaintiff's medical records. This stipulation was made on behalf of all defendants, including Rengachary, in exchange for an extension to file responsive pleadings.

The parties dispute when Rengachary was served. On April 16, 2004, Rengachary filed two separate motions for summary disposition. In the first motion, Rengachary sought dismissal under MCR 2.116(C)(2), (3), and (8), claiming that he had not been properly served pursuant to the applicable court rules before the expiration of the period of limitations. In the second motion, Rengachary sought summary disposition under MCR 2.116(C)(7) and (8), alleging that he had not been served within the statute of limitations period. Rengachary claimed that he was not served until March 18, 2004, after the statute of limitations period had run. Plaintiff disputed Rengachary's contentions and submitted a proof of service stating that Rengachary had been served on March 11, 2004, within the statute of limitations period.

To determine when service of process occurred, the trial court ordered that an evidentiary hearing be held. At the hearing, plaintiff's process server testified that on March 11 she found Rengachary, who was wearing a white coat, at his

_____

(continued…)
negligent.

4

place of work, inquired if he was Rengachary, and served him when he responded, "Yes." However, the process server did not obtain Rengachary's signature, and did not sign a proof of service until April 9, 2004. In response, Rengachary denied that he had been served on March 11, testified that he did not dress in a white coat at work, and stated he had not been served until March 18. On the basis of this testimony, the trial court concluded that Rengachary had not been served until March 18 and granted him summary disposition with prejudice under MCR 2.116(C)(7). The remaining defendants then moved for summary disposition of the vicarious liability claims, arguing that because Rengachary had been dismissed, the remaining defendants could not be held vicariously liable for his actions. The remaining defendants also filed a supplemental brief, alleging that the claims of vicarious liability should also be dismissed under MCR 2.116(C)(10) because plaintiff had not shown that Rengachary was an agent of the hospital. The trial court agreed that the dismissal of the claims against Rengachary extinguished the claims against the remaining defendants and granted summary disposition for the remaining defendants under MCR 2.116(C)(7).

Plaintiff appealed by leave granted the order granting summary disposition in favor of Rengachary and as of right from the order granting summary disposition for the remaining defendants, and the appeals were consolidated. The Court of Appeals reversed the orders of the trial court and remanded for further proceedings. Unpublished opinion per curiam, issued November 1, 2005 (Docket

5

Nos. 259363 and 262655). The Court of Appeals held that plaintiff was entitled to a jury trial on the disputed question of when the defendant doctor was served, and concluded that the claims against the other defendants should not have been dismissed because the grant of summary disposition to Rengachary had not been on the merits of the claims. The Court of Appeals also held that defendants' attorneys' actions with regard to the stipulation were not sufficient to constitute a general appearance and also held that a party may waive the right to object to service by entering a general appearance and contesting the suit on the merits. Defendants sought leave to appeal and plaintiff sought leave to appeal as cross-appellant.[4] This Court directed the clerk to schedule oral argument on whether to grant the applications or take other peremptory action. 475 Mich 861 (2006).

## II. STANDARD OF REVIEW

This Court reviews a trial court's grant or denial of summary disposition de novo. *Cameron v Auto Club Ins Ass'n*, 476 Mich 55, 60; 718 NW2d 784 (2006). The interpretation of court rules is a question of law, which is reviewed de novo. *Haliw v Sterling Hts*, 471 Mich 700, 704; 691 NW2d 753 (2005).

---

[4] Plaintiff's application to cross-appeal raises two issues: (1) whether Rengachary's stipulation to admit medical records constituted a general appearance, thereby preventing Rengachary from arguing that service of process was inadequate; and (2) whether equitable estoppel barred Rengachary from objecting to service of process.

6

## III. ANALYSIS

## A. TRIAL BY JURY

Defendant Rengachary moved for summary disposition under MCR 2.116(C)(2), (3), (7), and (8).[5]   MCR 2.116(C)(3) specifies that summary disposition should be granted if "[t]he service of process was insufficient," and MCR 2.116(C)(7) specifies that summary disposition should be granted if "[t]he claim is barred because of . . . statute of limitations . . . ."  Plaintiff argues that because Rengachary moved for summary disposition under MCR 2.116(C)(7), and because plaintiff timely moved for a jury trial, plaintiff was entitled under MCR 2.116(I)(3) to a jury trial on the issue of when service of process occurred.  MCR 2.116(I)(3) states:

> A court may, under proper circumstances, order immediate trial to resolve any disputed issue of fact, and judgment may be entered forthwith if the proofs show that a party is entitled to judgment on the facts as determined by the court. *An immediate trial may be ordered if the grounds asserted are based on subrules (C)(1) through (C)(6)*, or if the motion is based on subrule (C)(7) and a jury trial as of right has not been demanded on or before the date set for hearing. *If the motion is based on subrule (C)(7) and a jury trial has been demanded, the court may order immediate trial, but must afford the parties a jury trial as to issues raised by the motion as to which there is a right to trial by jury.*  [Emphasis added.]

---

[5] In the motion based on (C)(2), (3), and (8), Rengachary solely argued that service of process was insufficient.  Therefore, this motion was essentially based on (C)(3) and discussion of (C)(2) and (8) is unnecessary.  In the motion based on (C)(7) and (8), Rengachary solely argued that he had not been served before the expiration of the period of limitations.  Therefore, this motion was essentially based on (C)(7) and discussion of (C)(8) is unnecessary.

Thus, MCR 2.116(I)(3) states that a trial court may hold a trial to determine disputed issues of fact in motions based on MCR 2.116(C)(1) through (7). By providing that "[a]n immediate trial may be ordered if the grounds asserted are based on subrules (C)(1) through (C)(6)," and then establishing the circumstances under which a jury trial would be required if the grounds asserted are based on subrule (C)(7), MCR 2.116(I)(3) indicates that a trial court has the discretion to conduct a bench trial to resolve disputed factual questions relating to motions based on (C)(1) through (C)(6). However, a jury trial is required when: (1) the motion is based on MCR 2.116(C)(7); (2) a jury trial has been demanded; and (3) the issue raised by the motion is an issue "as to which there is a right to trial by jury." Unless each of these three conditions is satisfied, a trial court is never *required* to afford a jury trial under MCR 2.116(I)(3).

Rengachary's motions for summary disposition did not permit a jury trial because the (C)(3) motion only allows the trial court the discretion to order a bench trial, and the (C)(7) motion fully hinged on a determination of whether Rengachary had been sufficiently served under (C)(3). Rengachary's motion under (C)(7) stated that the period of limitations had expired because "Dr. Rengachary was not properly served with the Complaint and was not on notice of the lawsuit until after the running of the statute of limitations." Thus, the issue arising from the (C)(7) motion concerned only the sufficiency of service before the expiration of the period of limitations. In his (C)(3) motion, Rengachary

claimed that he had been insufficiently served under MCR 2.105(A), which requires that service be made either "personally," or by "sending a summons and a copy of the complaint by registered or certified mail." Rengachary alleged that neither of these circumstances occurred. Plaintiff contended that a white-coated doctor who said he was Rengachary was served on March 11, 2004, while Rengachary claimed that he had not been served until March 18, when a man "barged in" at the clinic and left a summons on a desk. If Rengachary was not personally served on March 11, this alleged service on March 18 would be insufficient under MCR 2.105(A). Thus, resolution of the (C)(7) motion depended solely on a determination of the sufficiency of service under (C)(3). Because MCR 2.116(I)(3) allows a trial court to conduct a bench trial to determine whether the service was sufficient, the Court of Appeals erred by holding that a jury trial was required in the instant case.[6]

---

[6] The fact that Rengachary brought a motion under (C)(7) does not necessitate a jury trial. Under MCR 2.116(I)(3), a trial court must provide a jury trial with regard to a (C)(7) motion if a jury trial has been demanded-- which it was here-- and there is a question of fact in the issue raised by the motion "as to which there is a right to trial by jury." Because MCR 2.116(I)(3) expressly does not require a trial by jury to resolve disputed factual questions arising from (C)(3) motions, and the factual issue in this case was resolved through the (C)(3) motion, we do not believe the (C)(7) motion can be said to pertain to a factual issue "as to which there is a right to trial by jury." There is simply no "right to trial by jury" in the present context because once it was determined that the service was insufficient under (C)(3), there was no disputed factual question that service had occurred within the period of limitations.

9

The Court of Appeals relied on this Court's decision in *Phillips v Mirac, Inc*, 470 Mich 415; 685 NW2d 174 (2004), to conclude that plaintiff possessed a right to trial by jury. Regarding the proper role of a jury, *Phillips* stated: "It is for the jury to assimilate the facts presented at trial, draw inferences from those facts, and determine what happened in the case at issue." *Id*. at 428. The Court of Appeals misinterpreted *Phillips*. Although *Phillips* recognized, unremarkably, that a jury's role is defined by the determination of factual issues, it nowhere follows from this that *every* factual issue must be determined by a jury. It is sufficient for present purposes to observe that such a conclusion transgresses the language of MCR 2.116(I)(3) that a trial court "may," but is not required to, conduct a bench trial to determine disputed issues of fact in motions for summary disposition brought under MCR 2.116(C)(1) through (6). Nothing stated in *Phillips* requires that a trial court conduct a jury trial on every disputed factual question raised in motions under MCR 2.116(C)(3) and (7).

The Court of Appeals and plaintiff also cite *Kermizian v Sumcad*, 188 Mich App 690; 470 NW2d 500 (1991), and *Moss v Pacquing*, 183 Mich App 574; 455 NW2d 339 (1990), in support of their position that a jury trial is required in the present circumstances. However, both those cases involved entirely different disputes concerning when a plaintiff should have discovered a cause of action and therefore the dates on which the period of limitations started and expired. In the instant case, the parties do not dispute when the period of limitations started or

10

expired. Rather, the parties acknowledge that the period of limitations expired on March 17, 2004, because of the tolling of the statute of limitations under MCL 600.5856(d). The instant dispute centers on whether service of process was sufficient before the expiration of the period of limitations, and not on the term of the statute of limitations. Neither *Kermizian* nor *Moss*, in our judgment, is relevant to whether a jury trial is required in the instant case.

## B. GENERAL APPEARANCE

Plaintiff next contends that Rengachary had entered a general appearance before contesting the service of process, thereby granting the trial court jurisdiction over Rengachary regardless of when service occurred. Plaintiff states that Rengachary had entered a general appearance when his counsel signed a stipulation to introduce medical records in exchange for plaintiff's agreement to a two-week extension to file responsive pleadings. On the basis of this stipulation, plaintiff asserts that Rengachary may not object to the sufficiency of the service.

The rule to avoid waiver of service of process objections under MCR 2.116(C)(3) is found in MCR 2.116(D)(1), which provides that a defendant waives the ability to object to service of process under MCR 2.116(C)(3) unless the objection is raised in the defendant's first motion or responsive pleading:

> The grounds listed in subrule (C)(1), (2), and (3) must be raised in a party's first motion under this rule or in the party's responsive pleading, whichever is filed first, or they are waived. [MCR 2.116(D)(1).]

11

Thus, under the actual language of MCR 2.116(D)(1), a party generally waives objections to service of process under MCR 2.116(C)(3) unless the party complies with the court rule. In the instant case, Rengachary complied with MCR 2.116(D)(1) by raising the (C)(3) issue in his first motions for summary disposition, filed on April 16, 2004. Therefore, Rengachary's stipulation to the admission of medical records was irrelevant to whether he complied with MCR 2.116(D)(1). By raising the (C)(3) issue in his first motion for summary disposition, Rengachary successfully avoided waiver of the issue of the sufficiency of service of process under MCR 2.116(C)(3).[7]

Plaintiff cites *Penny v ABA Pharmaceutical Co (On Remand)*, 203 Mich App 178; 511 NW2d 896 (1993), for the proposition that "[a] party who enters a general appearance and contests a cause of action on the merits submits to the court's jurisdiction and waives service of process objections." *Id*. at 181.

_____

[7] The dissent asserts that we provide "no sound reason" for our decision, *post* at 4, and that MCR 2.116(D)(1) "in no way excludes the possibility that the right to raise [a service of process] defense can be waived in a manner other than failing to raise the defense in a motion or first responsive pleading." *Post* at 2. To the contrary, MCR 2.116(D)(1) establishes that a defense under MCR 2.116(C)(3) will be waived *unless* MCR 2.116(D)(1) is complied with. That is, MCR 2.116(D)(1) creates a general rule of waiver of (C)(3) objections, and then provides the only exception to that general rule. For this reason, whether a party "submits to the court's jurisdiction," *post* at 2, is irrelevant in determining whether a party has waived a (C)(3) objection.

12

Plaintiff asserts that Rengachary's stipulation to admit medical records constituted a general appearance, which prevents him from subsequently objecting to the sufficiency of service.

However, the rule stated in *Penny* clearly sweeps beyond the scope of MCR 2.116(D)(1), because *Penny* would hold that a defendant waives service of process objections simply by making a general appearance. Under MCR 2.116(D)(1), a defendant might make a general appearance and still not waive a (C)(3) objection to service of process. The holding in *Penny* therefore conflicts with the language of MCR 2.116(D)(1). Indeed, *Penny* did not even consider MCR 2.116(D)(1) because the trial court in *Penny* had dismissed the defendant under MCR 2.102(E).[8] The holding in *Penny* that a party making a general appearance thereby waives objections to service of process is broad enough to encompass motions under MCR 2.116(C)(3), and thus the holding in *Penny* is contrary to MCR

---

[8] (1) On the expiration of the summons as provided in subrule (D), the action is deemed dismissed without prejudice as to a defendant who has not been served with process as provided in these rules, unless the defendant has submitted to the court's jurisdiction. [MCR 2.102(E)(1).]

MCR 2.102(D) states that, generally, a summons expires "91 days after the date the complaint is filed."

2.116(D)(1).  To the extent *Penny* conflicts with MCR 2.116(D)(1), it must be overruled.[9]

## C. VICARIOUS LIABILITY

The remaining defendants, Detroit Medical Center, Harper-Hutzel Hospital, and University Neurosurgical Associates, contest the Court of Appeals conclusion that plaintiff could proceed with his vicarious liability claims even if the claims against defendant Rengachary were dismissed.  This Court has defined vicarious liability as "'indirect responsibility imposed by operation of law.'"  *Cox v Flint Bd of Hosp Managers*, 467 Mich 1, 11; 651 NW2d 356 (2002), quoting *Theophelis v Lansing Gen Hosp*, 430 Mich 473, 483; 424 NW2d 478 (1988).  "[T]he principal 'is only liable because the law creates a practical identity with his [agents], so that he is held to have done what they have done.'"  *Cox*, *supra* at 11, quoting *Smith v Webster*, 23 Mich 298, 300 (1871).  This Court has also stated:

---

[9] Plaintiff also argues that equitable estoppel bars Rengachary from objecting to service of process because Rengachary signaled that he would contest the case on the merits by stipulating the admission of medical records.  However, equity cannot "trump an unambiguous and constitutionally valid statutory enactment."  *Devillers v Auto Club Ins Ass'n*, 473 Mich 562, 591; 702 NW2d 539 (2005).  Parties are bound to follow the court rules in the same manner that parties are bound to follow statutory enactments.  See MCR 1.102 (stating that the court rules "govern all proceedings in actions brought on or after [March 1, 1985]").  Therefore, equity cannot prevail over an unambiguous court rule.  Moreover, this Court preconditions the exercise of equitable power on the existence of "fraud, mutual mistake, or any other 'unusual circumstance[s] . . . .'"  *Devillers*, *supra* at 591.  Because Rengachary's (C)(3) motion complied with MCR 2.116(D)(1), and no indication of fraud, mutual mistake, or unusual circumstances has been shown, we decline to apply equitable estoppel in this case.

14

> "'Vicarious liability is based on a relationship between the parties, irrespective of participation, either by act or omission, of the one vicariously liable, under which it has been determined as a matter of policy that one person should be liable for the act of the other.'" [*Theophelis*, *supra* at 483, quoting *Dessauer v Mem Gen Hosp*, 96 NM 92, 108; 628 P2d 337 (Ct App, 1981), quoting *Nadeau v Melin*, 260 Minn 369, 375-376;110 NW2d 29 (1961).]

Vicarious liability thus rests on the imputation of the negligence of an agent to a principal. Nothing in the nature of vicarious liability, however, requires that a judgment be rendered against the negligent agent. Rather, to succeed on a vicarious liability claim, a plaintiff need only prove that an agent has acted negligently. At issue in this case is the effect of the dismissal of the claims against Rengachary on the vicarious liability claims against the remaining defendants.

MCR 2.504(B)(3) is dispositive of this issue. MCR 2.504(B) provides:

> (1) If the plaintiff fails to comply with these rules or a court order, a defendant may move for dismissal of an action or a claim against that defendant.

> * * *

> (3) Unless the court otherwise specifies in its order for dismissal, a dismissal under this subrule or a dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction or for failure to join a party under MCR 2.205, *operates as an adjudication on the merits*. [Emphasis added.]

Because Rengachary moved for summary disposition under MCR 2.116(C)(3) and (C)(7), MCR 2.504(B)(3) applies. Moreover, the trial court did not dismiss for "lack of jurisdiction or for failure to join a party under MCR 2.205," or "otherwise specif[y]" that the order of dismissal was something other than a dismissal on the merits. Rather, the trial court stated in its order that the dismissal was "with

15

prejudice." Therefore, under MCR 2.504(B)(3), the dismissal of the claims against Rengachary "operates as an adjudication on the merits."

Because the remaining defendants may only be vicariously liable on the basis of the imputed negligence of Rengachary, plaintiff must demonstrate that Rengachary was negligent in order for the remaining defendants to be found vicariously liable. However, the dismissal of the claims against Rengachary operates as an adjudication on the merits of the claims against Rengachary. Plaintiff consequently is unable to show that the remaining defendants are vicariously liable for the acts of Rengachary, because the dismissal of the claims against Rengachary prevents plaintiff from arguing the merits of the negligence claim against Rengachary. Therefore, the Court of Appeals erred by concluding that the vicarious liability claims against the remaining defendants could proceed if the claims against Rengachary were dismissed for failure to be served process within the statute of limitations period.

Plaintiff cites *Rogers v Colonial Fed S & L Ass'n*, 405 Mich 607; 275 NW2d 499 (1979), to argue that a summary disposition motion on statute of limitations grounds does not address the merits of a case. *Rogers* said, "An accelerated judgment based on the three-year statute of limitations is not an adjudication on the merits of a cause of action." *Id*. at 619 n 5. *Rogers* cited *Nordman v Earle Equip Co*, 352 Mich 342; 89 NW2d 594 (1958), in support of this proposition, and *Norman* cited *McKinney v Curtiss*, 60 Mich 611; 27 NW 691

(1886).  The latter two cases were decided before the adoption of the General Court Rules of 1963.  Because the cited holdings in those cases were superseded by the General Court Rules of 1963, they provide little support for the holding in *Rogers*.  Moreover, *Rogers* failed altogether to address the effect of then-applicable GCR 1963, 504.2, which stated:

> For failure of the plaintiff to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him . . . . Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, operates as an adjudication upon the merits.

GCR 1963, 504.2 was substantially similar to the current MCR 2.504(B)(3).  Because the holding of *Rogers* was not in accord with the applicable General Court Rules of 1963, *Rogers* was wrongly decided to the extent that it suggests that a motion for summary disposition on statute of limitations grounds does not operate as an adjudication on the merits.[10]

---

[10] Before overruling prior precedent, this Court must not only determine-- as we do here-- that an earlier decision of this Court was wrongly decided, but also that overruling the earlier decision is in all other respects appropriate. *Robinson v Detroit*, 462 Mich 439, 464-466; 613 NW2d 307 (2000).  We conclude that there are no factors identified in *Robinson* that would justify retaining *Rogers* as the law of Michigan despite its inconsistency with the written law of our state, in this case MCR 2.504(B)(3).  In particular, we hold that there is no reasonable reliance interest on plaintiff's part, or on the part of similarly situated plaintiffs, that would be undermined by the overruling of *Rogers*.  We do not believe that any plaintiff would have risked late service of process, and hence lack of compliance with the statute of limitations, on the basis that such lack of compliance, although it might result in the dismissal of a lawsuit against an agent, would not constitute an adjudication on the merits against the agent and therefore would not require the
(continued…)

17

Because MCR 2.504(B)(3) indicates that the dismissal of the claims against defendant Rengachary operates as an adjudication on the merits, and because, in our judgment, *Rogers* was wrongly decided, the remaining defendants cannot be held vicariously liable for Rengachary's acts. Therefore, the remaining defendants should be granted summary disposition on plaintiff's vicarious liability claims.

## D. OTHER CLAIMS

The trial court dismissed the plaintiff's remaining claims against defendants Detroit Medical Center and Harper-Hutzel Hospital. Plaintiff did not appeal these dismissals in the Court of Appeals or in this Court. Therefore, plaintiff is deemed to have abandoned these claims.

## IV. CONCLUSION

The Court of Appeals judgment is reversed insofar as it required a jury trial to determine the sufficiency of service of process before the expiration of the statute of limitations period. Moreover, Rengachary's alleged general appearance did not waive his objection to service of process under MCR 2.116(C)(3), which was properly raised under MCR 2.116(D)(1). Therefore, the Court of Appeals judgment is reversed insofar as it held that such a waiver may occur as a result of a general appearance. Finally, the Court of Appeals judgment is reversed insofar as it allowed plaintiff to pursue vicarious liability claims against the remaining

---

(continued…)
dismissal of a lawsuit against a principal based on vicarious liability.

18

defendants.  This case is remanded to the trial court for reinstatement of summary disposition for all defendants.

<div style="margin-left: 55%;">
Stephen J. Markman<br>
Clifford W. Taylor<br>
Maura D. Corrigan<br>
Robert P. Young, Jr.
</div>

ABDUL AL-SHIMMARI,

      Plaintiff-Appellee/
      Cross-Appellant,

v

                                       No. 130078

THE DETROIT MEDICAL CENTER,
HARPER-HUTZEL HOSPITAL,
UNIVERSITY NEUROSURGICAL
ASSOCIATES, P.C., and SETTI
RENGACHARY, M.D.,

      Defendants-Appellants/
      Cross-Appellees.

_____

CAVANAGH, J. (*dissenting*).

Although I agree with the majority's analysis in part III(A) of its opinion, I do not believe that we need to reach the issue regarding whether a jury trial is required to resolve a dispute over service of process. Rather, this case can and should be decided on the ground that defendant Setti Rengachary, M.D., waived his right to challenge the sufficiency of service of process when his counsel, before disputing sufficiency, participated in an action that resulted in the trial court issuing an order. For these reasons, I would reverse the judgment of the Court of Appeals in part and remand this case for trial.

The majority apparently concludes that because MCR 2.116(D)(1) describes the manner in which a service of process dispute must be raised, then as

long as a party raises the issue in that manner, his ability to raise the issue cannot be challenged. But the majority completely ignores fundamental principles regarding waiver.

The instructions contained in MCR 2.116(D)(1) pertaining to when a defense regarding service of process must be raised in no way excludes the possibility that the right to raise such a defense can be waived in a manner other than failing to raise the defense in a motion or first responsive pleading. Namely, a waiver of the right to raise that defense occurs when a party submits to the court's jurisdiction before raising the defense.

Because waiver can occur in ways other than failing to comply with the cited court rule, it is important to examine the general rules behind appearances and the consequences of appearing before a court. MCR 2.117(B), the court rule governing appearances of attorneys before the trial court, outlines the following rules:

> (1) In General. An attorney may appear by an act indicating that the attorney represents a party in the action. An appearance by an attorney for a party is deemed an appearance by the party. Unless a particular rule indicates otherwise, any act required to be performed by a party may be performed by the attorney representing the party.

> (2) Notice of Appearance.

> (a) If an appearance is made in a manner not involving the filing of a paper with the court, the attorney must promptly file a written appearance and serve it on the parties entitled to service. The attorney's address and telephone number must be included in the appearance.

(b) If an attorney files an appearance, but takes no other action toward prosecution or defense of the action, the appearance entitles the attorney to service of pleadings and papers as provided by MCR 2.107(A).

In *Penny v ABA Pharmaceutical Co (On Remand)*, 203 Mich App 178, 181-182; 511 NW2d 896 (1993), the Court of Appeals explained the corollary principles surrounding appearances by attorneys, which principles accord with the court rule:

A party who enters a general appearance and contests a cause of action on the merits submits to the court's jurisdiction and waives service of process objections. *In re Slis*, 144 Mich App 678, 683; 375 NW2d 788 (1985). Generally, any action on the part of a defendant that recognizes the pending proceedings, with the exception of objecting to the court's jurisdiction, will constitute a general appearance. Only two requirements must be met to render an act adequate to support the inference that there is an appearance: (1) knowledge of the pending proceedings and (2) an intent to appear. *Ragnone v Wirsing*, 141 Mich App 263, 265; 367 NW2d 369 (1985). A party that submits to the court's jurisdiction may not be dismissed for not having received service of process. MCR 2.102(E)(2).

These principles can be traced in this Court's jurisprudence as far back as 1929. See *Najdowski v Ransford*, 248 Mich 465, 471-472; 227 NW 769 (1929). And the principles have not varied over time. See, e.g., *Macomb Concrete Corp v Wexford Corp*, 37 Mich App 423, 425; 195 NW2d 93 (1971) (holding that "[o]ne of the effects of submitting to the court's jurisdiction by making a general appearance is that a party waives any objection to service of process"); *Ragnone*, *supra* at 265-266 (holding that when the defendant "communicated with plaintiff for the purpose of negotiating a settlement, wrote a letter seeking an extension of

3

time for filing an answer, and even attended the scheduled meeting," the defendant "appeared" before the court).  The majority provides no sound reason for ignoring the dispositive effect of a party submitting himself to the jurisdiction of a court *before* contesting that court's jurisdiction over him.  Under the majority's novel rationale, a party can fully participate in a case and such participation will have no consequence as long as the party challenges service of process in his first motion or first responsive pleading.  This new rule, accomplished by unjustifiably overruling *Penny*, *supra*,[1] turns the concepts of jurisdiction and waiver on their heads, for a party can ask for relief from the court, get such relief, and then successfully argue that the court had no jurisdiction to rule in the matter.

In fact, that is precisely what occurred in the present case.  Defendant Rengachary, through his attorney, submitted himself to the jurisdiction of the court and, thus, waived his right to challenge the sufficiency of service or process, when he expressed knowledge of the pending proceedings and an intent to appear.  After the date on which plaintiff claims defendant Rengachary was given notice of the lawsuit by being served a summons and complaint, plaintiff's

---

[1] The majority contends that the concepts in *Penny* are inconsistent with MCR 2.117(B).  But the *Penny* Court's analysis of waiver is far broader than the court rule governing appearances, and the court rule in no way obviates the *Penny* reasoning.  The majority fails to explain or provide any sound justification regarding why a court rule dictating when a defense involving service of process must be raised abrogates widely accepted notions of submitting oneself to the

(continued…)

4

counsel communicated with Bart O'Neill of Saurbier & Siegan, P.C., who maintained that he represented all defendants in the matter. Then, O'Neill represented each of the defendants' interests by participating in formulating and executing a stipulation and order. Plaintiff's counsel and O'Neill negotiated a deal in which they stipulated admitting all of plaintiff's medical records in exchange for plaintiff granting a two-week extension for defendants to file responsive pleadings. At no time did defense counsel intimate any problem with service of process or suggest that he would be asserting that one defendant, Rengachary, was not served. Rather, O'Neill signed a stipulation that contained this statement:

> Plaintiff's counsel has contacted and spoken with Counsel for the Defendants SETTI S. RENGACHARY, M.D., THE DETROIT MEDICAL CENTER, HARPER-HUTZEL HOSPITAL, AND UNIVERSITY NEUROSURGICAL ASSOCIATES, P.C., with this information and both hereby stipulate and agree to the above request in the above referenced matter.

And O'Neill's signature was "on behalf of all Defendants," as also reflected in that document.

Further, the parties, through their respective attorneys, then submitted a proposed order to the trial court, which order formalized the parties' agreement that plaintiff's medical records would be admitted at trial. The trial court signed the order, and it was entered in the court file.

---

(continued…)
jurisdiction of a court by appearing before it and, thus, waiving certain defenses.

These actions on the part of defendant Rengachary's attorney constituted "an act indicating that the attorney represents a party in the action," which, under MCR 2.117(B)(1), is an appearance. And the appearance clearly met the test set forth in *Penny*, demonstrating that defendant had "knowledge of the pending proceedings" and "an intent to appear." *Penny*, *supra* at 182. Anyone reading the stipulation—most importantly, the court—would have no reason to conclude anything other than that O'Neill represented and was speaking on behalf of defendant Rengachary, who would be presumed to have knowledge of that representation. An attorney speaks for his client. Thus, defendant Rengachary had knowledge of the pending proceedings and an intent to appear, and, in fact, did appear. At that time, the court assumed jurisdiction over defendant Rengachary. And because he appeared before first asserting a service-of-process defense through the measures set forth in MCR 2.116(D)(1), and jurisdiction was obtained over him at that time, defendant Rengachary waived his right to thereafter contest whether he had been properly served.

My conclusion on this issue would render the remaining issue moot. Thus, I would not reach the issue whether dismissal of plaintiff's claim against an agent necessitates dismissal of plaintiff's claims against the agent's principals. Instead, I would hold that plaintiff may proceed in his claim against all defendants

because defendant Rengachary submitted to the jurisdiction of the court and, thus, waived his right to challenge service of process.

<div style="text-align: right">

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly

</div>

7