# STATE OF MICHIGAN

# COURT OF APPEALS

RAYMOND and POLLY OBUCHOWSKI,

      Plaintiff-Appellants,

v

DR. CHRISTOPHER RANCONT, ALPENA
REGIONAL MEDICAL CENTER, THUNDER
BAY EMERGENCY PHYSICIANS, and
HOSPITALISTS OF NORTHWEST MICHIGAN,
PLC,

      Defendants-Appellees,

and

DR. CHARLES SPANN and ALPENA
RADIOLOGY, PC.

      Defendants.

UNPUBLISHED
April 23, 2015

No. 319711
Alpena Circuit Court
LC No. 13-005281-NH

Before: BORRELLO, P.J., and RONAYNE KRAUSE and RIORDAN, JJ.

PER CURIAM.

In this medical malpractice action, plaintiffs appeal by leave granted the trial court order granting partial summary disposition to defendants, Dr. Christopher Rancont (Rancont), Alpena Regional Medical Center (Alpena), Thunder Bay Emergency Physicians (Thunder Bay), and Hospitalists of Northwest Michigan, PLC (Hospitalists). We reverse.

## I. FACTUAL BACKGROUND

Raymond Obuchowski (Raymond) was 35 years old in October 2010, when he arrived at Alpena Regional Medical Center because he was experiencing dizziness, vomiting, and nausea. Dr. Christopher Rancont evaluated him. Raymond eventually received a CT scan, which revealed that he suffered from a stroke, although he claims it was not properly diagnosed at the time. Dr. Charles Spann interpreted the CT scan. Raymond came back the next day with further symptoms, and was evaluated by Dr. Dane Chapman, an emergency room physician. Raymond then was admitted to the care of Dr. Charles Kornblau, an internist.

-1-

Ultimately, Raymond and his wife filed a complaint against numerous individuals and entities alleging negligence of Chapman and Kornblau. Although Chapman and Kornblau were named as defendants in the complaint, they were not served before each summons expired. Thus, Kornblau and Chapman were dismissed from the lawsuit without prejudice.

Rancont, Alpena, Thunder Bay, and Hospitalists sought summary disposition. The trial court granted dismissal, in part, because it found that the dismissal of Chapman and Kornblau precluded plaintiffs from demonstrating vicarious liability at trial. The court ordered that plaintiffs' vicarious liability claims arising from the actions of Chapman and Kornblau were dismissed without prejudice. Plaintiffs now appeal.

## II. SUMMARY DISPOSITION

### A. STANDARD OF REVIEW

"We review de novo a trial court's decision to grant or deny summary." *Elba Twp v Gratiot Co Drain Comm'r*, 493 Mich 265, 277; 831 NW2d 204 (2013). "The interpretation of court rules is a question of law, which is reviewed de novo." *Al-Shimmari v Detroit Med Ctr*, 477 Mich 280, 287; 731 NW2d 29 (2007).

### B. ANALYSIS

The trial court erred in dismissing the vicarious liability claims against defendants. The Michigan Supreme Court has "defined vicarious liability as indirect responsibility imposed by operation of law." *Al-Shimmari*, 477 Mich at 294 (quotation marks and citation omitted). In *Al-Shimmari*, our Supreme Court held "[n]othing in the nature of vicarious liability . . . requires that a judgment be rendered against the negligent agent" and that "to succeed on a vicarious liability claim, a plaintiff need only prove that an agent has acted negligently." *Id.* at 294-295. Nevertheless, the Court clarified that if an action against an agent is dismissed on the merits, then an action against the principal relying on vicarious liability is prohibited. *Id.* at 294-297. The Court held that the dismissal in that case, which was in response to a motion pursuant to MCR 2.116(C)(3) and (C)(7), was on the merits as it was "with prejudice" and the court did not specify otherwise. *Id.* at 295. The Court relied on MCR 2.504(B)(3), which provides that unless otherwise specified in the order of dismissal, or dismissals for lack of jurisdiction or failure to join a party, a dismissal operates as an adjudication on the merits. *Id.*

The instant case is dissimilar. Chapman and Kornblau were dismissed without prejudice pursuant to MCR 2.102(E)(1). Specifically, Kornblau was dismissed without prejudice by stipulation pursuant to MCR 2.102(E)(1),[1] and Chapman was dismissed without prejudice

---

[1] While defendants now argue that the stipulation was invalid pursuant to MCR 2.504(A)(2)(a)(*ii*), this subsection does not exist. Further, defendants did not challenge the stipulation below, nor do they raise it as an issue in their issues presented. Thus, we decline to address this unpreserved argument. *Booth Newspapers, Inc v Univ of Mich Bd of Regents*, 444 Mich 211, 234; 507 NW2d 422 (1993) ("Issues raised for the first time on appeal are not

pursuant to MCR 2.102(E)(1) after plaintiffs failed to serve him with process during the lifetime of the summons. Unlike the defendant doctor in *Al-Shimmari*, neither Chapman nor Kornblau moved for summary disposition in this case. Instead, they were dismissed under MCR 2.102(E)(1), which provides: "On the expiration of the summons as provided in subrule (D), the action is deemed dismissed *without prejudice* as to a defendant who has not been served with process as provided in these rules, unless the defendant has submitted to the court's jurisdiction." (Emphasis added).

Accordingly, given the dismissals without prejudice, there has been no adjudication on the merits regarding the liability of Chapman and Kornblau. See *Yeo v State Farm Fire & Casualty Ins Co*, 242 Mich App 483, 484; 618 NW2d 916 (2000) ("A dismissal without prejudice is not an adjudication on the merits.); *Ellout v Detroit Med Ctr*, 285 Mich App 695, 700; 777 NW2d 199 (2009). As this Court recently held in *Grimmer v Lee*__Mich App__; __NW2d__ (Docket No. 318046, issued March 26, 2015); slip op at 4-5, a dismissal without prejudice does not amount to an adjudication on the merits as required under *Al-Shimarri*.

Further, as our Supreme Court noted in *Al-Shimmari*, vicarious liability does not require that a judgment be entered against the negligent agent. 477 Mich at 294-295. Thus, the fact that Chapman and Kornblau are not parties to this action does not preclude plaintiffs from establishing vicarious liability. Also, even if Chapman and Kornblau could have been dismissed with prejudice as an adjudication on the merits, that does not erase the fact that such an event did not occur in this case. As the record stands, Chapman and Kornblau were dismissed without prejudice, which is not an adjudication on the merits.[2]

## III. CONCLUSION

Because there has been no adjudication on the merits regarding the claims against Chapman and Kornblau, the trial court erred in dismissing the resulting vicarious liability claims against defendants. We reverse. We do not retain jurisdiction.

/s/ Stephen L. Borrello
/s/ Amy Ronayne Krause
/s/ Michael J. Riordan

---

ordinarily subject to review."). Further, MCR 2.102(E) provides that dismissal for failure to serve a defendant is without prejudice. In fact, in Hospitalists' motion for summary disposition, it specifically argued that pursuant to MCR 2.102(E)(1), the claims against Kornblau were dismissed without prejudice regardless of whether the clerk entered the order of dismissal.

[2] Nor did defendants seek to appeal the dismissal of Chapman and Kornblau.