*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

REMONA BROWN,

       Plaintiff-Appellant,

v

BYRON P. GALLAGHER, JR., as Personal Representative of the ESTATE OF JAMES F. EICHMEIER and LANSING MEDICAL, PLLC,

       Defendants-Appellees.

UNPUBLISHED
July 14, 2022

No. 358541
Ingham Circuit Court
LC No. 20-000259-CH

Before: GLEICHER, C.J., and GADOLA and YATES, JJ.

PER CURIAM.

Plaintiff, Remona Brown, appeals as of right the order of the trial court granting defendants, Byron P. Gallagher, Jr., as personal representative of the Estate of James F. Eichmeier, and Lansing Medical, PLLC, summary disposition of plaintiff's complaint under MCR 2.116(C)(3), (6), (8), and (10). Plaintiff also challenges the trial court's subsequent order denying her motion for reconsideration. We affirm.

## I. FACTS

This case is a quiet title action in which plaintiff sought declaratory and injunctive relief in response to defendants' pursuit of an equitable lien against real property located at 930 East Mount Hope, Lansing, Michigan. Plaintiff is the owner of the real property, which includes an office building that is the principal place of business of defendant, Lansing Medical, PLLC.

Plaintiff is a registered nurse who was licensed in Michigan with a specialty certification as a nurse practitioner.[1] At the times relevant to this dispute, plaintiff was a member of Lansing Medical. Before his death in July 2018, James F. Eichmeier also was a member of Lansing

---

[1] Plaintiff's license was suspended by the State of Michigan's Department of Licensing and Regulatory Affairs as a disciplinary measure in a separate matter.

Medical and operated the practice. Upon his death, Eichmeier's membership interest in Lansing Medical became an asset of his estate.

After Eichmeier's death, plaintiff was appointed personal representative of his estate. The probate court later removed plaintiff as personal representative and appointed Byron P. Gallagher, Jr., as personal representative. Defendants filed a civil action against plaintiff in the probate court seeking an accounting of the estate, as well as restitution and an equitable lien in 930 East Mount Hope. The complaint in that case alleged breach of fiduciary duty and conversion, asserting that plaintiff, while personal representative of Eichmeier's estate, operated Lansing Medical to the detriment of the estate, received funds from the business to the detriment of the estate and Lansing Medical, and used funds from the estate and Lansing Medical to pay expenses related to the real property at 930 East Mount Hope.

Defendants also filed with the probate court a lis pendens asserting entitlement to an equitable lien against 930 East Mount Hope, and recorded the lis pendens with the Ingham County Register of Deeds. Plaintiff failed to answer or otherwise respond to the complaint filed in the probate court, and thereafter failed to respond to discovery requests in the probate action. On January 31, 2020, the probate court entered a default against plaintiff.

Plaintiff thereafter initiated this action seeking to quiet title to 930 East Mount Hope, seeking declaratory and injunctive relief, and alleging slander of title regarding the property. Defendants moved for summary disposition under MCR 2.116(C)(3), (6), (7), (8), and (10), on the bases that service of the complaint and summons was never perfected, the probate action had been initiated earlier between the same parties involving the same claim, plaintiff had failed to state a claim by establishing the superiority of her title to the property, and no genuine issue of material fact existed that defendants had a valid claim to the property by virtue of the default entered against plaintiff in the probate court. The trial court granted defendants' motion under MCR 2.116(C)(3), (6), (8), and (10), and thereafter denied plaintiff's motion for reconsideration. Plaintiff now appeals.

## II. DISCUSSION

### A. SUMMARY DISPOSITION

Plaintiff contends the trial court erred by granting defendants summary disposition of her complaint under MCR 2.116(C)(3), (6), (8) and (10). We review de novo a trial court's decision to grant or deny a motion for summary disposition. *Meemic Ins Co v Fortson*, 506 Mich 287, 296; 954 NW2d 115 (2020). We also review de novo the trial court's decision in an action to quiet title. *Fed Home Loan Mtg Corp v Werme*, 335 Mich App 461, 467; 966 NW2d 729 (2021).

#### 1. MCR 2.116(C)(3)

A motion for summary disposition under MCR 2.116(C)(3) is properly granted when service of process was insufficient. *Al-Shimmari v Detroit Med Ctr*, 477 Mich 280, 288; 731 NW2d 29 (2007). MCR 2.102(A) directs that upon the filing of a complaint, the court clerk must issue a summons to be served upon the defendant. *Ickes v Korte*, 331 Mich App 436, 441; 951 NW2d 699 (2020). The plaintiff may then obtain service upon an individual defendant by delivery of the summons and a copy of the complaint in accordance with MCR 2.102(A). *Id*. Generally,

-2-

the plaintiff must serve the defendant with the summons and complaint within 91 days. MCR 2.102(D); *Ickes*, 331 Mich App at 441. Regarding failure to serve the summons before the summons expires, MCR 2.102(E)(1) provides, in relevant part:

> On the expiration of the summons as provided in subrule (D), the action is deemed dismissed without prejudice as to a defendant who has not been served with process as provided in these rules, unless the defendant has submitted to the court's jurisdiction. . . .

In this case, the parties do not dispute that plaintiff did not timely serve defendants with the summons. Rather, plaintiff argues that even though defendants were not properly served with the summons, no harm occurred because they ultimately received a copy of the summons before it expired. Plaintiff offers no additional argument, and concedes that "service had not been technically properly effectuated." Because the parties do not dispute that plaintiff did not properly serve defendants with the summons, the trial court correctly determined that service of process was insufficient and did not err by concluding that defendants were entitled to summary disposition under MCR 2.116(C)(3).[2]

## 2. MCR 2.116(C)(6)

Plaintiff also contends that defendants were not entitled to summary disposition under MCR 2.116(C)(6). Plaintiff argues that defendants sought summary disposition under MCR 2.116(C)(6) essentially on the basis of res judicata, but failed to establish res judicata or collateral estoppel. Plaintiff mistakes the basis of defendants' argument and the trial court's ruling.

A motion for summary disposition under MCR 2.116(C)(6) should be granted when "[a]nother action has been initiated between the same parties involving the same claim." MCR 2.116(C)(6). To warrant summary disposition under MCR 2.116(C)(6), the other action must have been both initiated and pending at the time the trial court rules on the motion for summary disposition. *Fast Air, Inc v Knight*, 235 Mich App 541, 545; 599 NW2d 489 (1999). The underlying purpose of MCR 2.116(C)(6) is to protect parties from the harassment of a new lawsuit involving the same parties and same questions and claims as those present in pending litigation. *Planet Bingo, LLC v VKGS, LLC*, 319 Mich App 308, 325; 900 NW2d 680 (2017).

In this case, the parties do not dispute that at the time the motion for summary disposition was decided, the probate court civil action was pending with Gallagher, as personal representative of the estate of Eichmeier, and Lansing Medical as plaintiffs and Brown as defendant. Plaintiff argues, however, that the claims of the probate court civil action differ from the claims in this case. We disagree. The claims alleged in the probate court action are breach of fiduciary duty and conversion, and the relief sought was an accounting, restitution, and an equitable lien in 930 East Mount Hope. In this case, plaintiff alleges a claim for slander of title, asserting that the lis pendens

---

[2] MCR 2.102(E)(1) provides for dismissal without prejudice of a defendant not served with a summons before the expiration of the summons, and in this case the trial court dismissed plaintiff's complaint with prejudice. Because summary disposition is also warranted on the other grounds discussed, however, remand is not warranted.

filed in connection with the probate case resulted in a cloud upon the title for 930 East Mount Hope. Plaintiff seeks to quiet title to the property by declaratory and injunctive relief. In other words, the same parties in both cases seek a determination whether defendants have an equitable interest in 930 East Mount Hope.

Plaintiff also argues that the elements of res judicata have not been established because the probate court civil case has not yet been decided on the merits. Plaintiff mistakes the trial court's ruling, however; the trial court did not grant summary disposition to defendants on the basis of res judicata, but rather under MCR 2.116(C)(6) on the basis that another case between the same parties involving the same claim was pending. Because the record supports the trial court's determination that defendants were entitled to summary disposition under MCR 2.116(C)(6), the trial court did not err.

### 3. MCR 2.116(C)(8)

Plaintiff next contends that defendants were not entitled to summary disposition under MCR 2.116(C)(8). A motion for summary disposition under MCR 2.116(C)(8) tests the legal sufficiency of the claim. *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019). When reviewing a grant or denial of summary disposition under MCR 2.116(C)(8), we consider the motion based upon the pleadings alone and accept all factual allegations as true. *Id*. Summary disposition under MCR 2.116(C)(8) is warranted when the claim is so unenforceable that no factual development could justify recovery. *Id*. at 160.

In her complaint, plaintiff seeks to quiet title to 930 East Mount Hope. To successfully state a claim for quiet title, the plaintiff must show that he or she acquired and now possesses a legal or equitable interest in the property in question. See *Beulah Hoagland Appleton Qualified Personal Residence Trust v Emmet Co Rd Comm*, 236 Mich App 546, 550; 600 NW2d 698 (1999). In an action under MCL 600.2932 to determine interests in land, MCR 3.411(B)(2) requires that:

> (2) The complaint must allege
>
> (a) the interest the plaintiff claims in the premises;
>
> (b) the interest the defendant claims in the premises; and
>
> (c) the facts establishing the superiority of the plaintiff's claim.

In addition, the plaintiff is required to attach to the complaint a statement of the title on which the plaintiff relies, "showing from whom the title was obtained and the page and book where it appears of record." MCR 3.411(C)(2).

In an action to quiet title, the burden initially is on the plaintiff to establish a prima facie case of title. *Special Prop VI v Woodruff*, 273 Mich App 586, 590; 730 NW2d 753 (2007). If the plaintiff establishes a prima facie case of title to the property, the burden shifts to the defendant to prove a superior right or title. *Elizabeth Trace Condo Assoc v American Global Enterprises, Inc*, ___ Mich App ___, ___; ___ NW2d ___ (2022) (Docket No. 355243); slip op at 2. If the plaintiff fails to establish a prima facie case of title, summary disposition is properly granted to the

defendant. *Trademark Props of Mich, LLC v Fed Nat Mtg Ass'n*, 308 Mich App 132, 138; 863 NW2d 344 (2014).

Plaintiff's complaint in this case also alleges slander of title. To successfully state a claim for slander of title, the plaintiff must demonstrate falsity, malice, and special damages. *Anton, Sowerby & Assoc, Inc v Mr. C's Lake Orion, LLC*, 309 Mich App 535, 546; 872 NW2d 699 (2015). This Court has explained:

> The crucial element is malice. A slander of title claimant must show some act of express malice, which implies a desire or intention to injure. Malice may not be inferred merely from the filing of an invalid lien; the plaintiff must show that the defendant knowingly filed an invalid lien with the intent to cause the plaintiff injury. A plaintiff may not maintain a slander of title claim if the defendants' claim under the mortgage or lien was asserted in good faith upon probable cause or was prompted by a reasonable belief that the defendant had rights in the real estate in question. . . . (Quotation marks, citations, and alterations omitted.) [*Wells Fargo Bank v Country Place Condo Ass'n*, 304 Mich App 582, 596; 848 NW2d 425 (2014).]

The malice required to establish an action for slander of title does not exist when the defendant's actions are based upon a rational, although incorrect, interpretation of the law. *Anton, Sowerby*, 309 Mich App at 547.

A review of plaintiff's complaint supports the trial court's conclusion that plaintiff did not sufficiently plead entitlement to quiet title, nor did she sufficiently plead slander of title. With regard to quiet title, plaintiff alleges that she is the owner of the property, that defendants' claim of an equitable lien in the property is inconsistent with her ownership rights, that defendants' claim is false because defendants do not have an equitable lien in the property, and that defendants could reasonably foresee that their actions would cause damage to plaintiff. Plaintiff's complaint fails to allege, however, "the facts establishing the superiority of the plaintiff's claim" as required by MCR 3.411(B)(2)(c). Plaintiff also failed to attach to the complaint "a statement of the title on which the pleader relies, showing from whom the title was obtained and the page and book where it appears of record" as required by MCR 3.411(C)(2).

With regard to slander of title, plaintiff did not establish either that defendants' asserted equitable interest is false or that it was maliciously asserted. Again, the malice required to establish slander of title does not exist if defendants' actions were based upon a rational interpretation of the law, even if incorrect. *Anton, Sowerby*, 309 Mich App at 547. Because plaintiff failed to set forth a prima facie case of slander of title and failed to demonstrate the superiority of her title, the trial court correctly determined that she failed to state a claim, and defendants were entitled to summary disposition under MCR 2.116(C)(8).

4. MCR 2.116(C)(10)

Plaintiff also contends that defendants were not entitled to summary disposition under MCR 2.116(C)(10). In her brief on appeal, plaintiff dedicates only one paragraph to this argument and cites no authority apart from the court rule. Plaintiff therefore has abandoned this issue on

-5-

appeal. See *Hooker v Moore*, 326 Mich App 552, 557 n 2; 928 NW2d 287 (2018) ("when a party merely announces his or her position and fails to cite any supporting legal authority, the issue is deemed abandoned").

## B. RECONSIDERATION

Plaintiff contends that the trial court erred by denying her motion for reconsideration of the trial court's order granting defendants summary disposition of plaintiff's complaint. We review the trial court's decision to grant or deny a motion for reconsideration for an abuse of discretion. *Farm Bureau Ins Co v TNT Equip, Inc*, 328 Mich App 667, 672; 939 NW2d 738 (2019). A trial court abuses its discretion when it chooses an outcome outside the range of principled outcomes. *Id.*

Under MCR 2.119(F), the party seeking reconsideration "must demonstrate a palpable error by which the court and the parties have been misled and show that a different disposition of the motion must result from correction of the error." Although the trial court has broad discretion to grant or deny a motion for reconsideration, *Al-Maliki v LaGrant*, 286 Mich App 483, 485; 781 NW2d 853 (2009), a motion for reconsideration that merely presents the same issues already ruled upon by the trial court generally will be denied. MCR 2.119(F)(3).

The trial court in this case found that plaintiff failed to demonstrate palpable error supporting a different result. A review of plaintiff's motion for reconsideration demonstrates that plaintiff again asserts that she is the owner of 930 East Mount Hope and that defendants have interfered with her title to the property by filing a lis pendens. Plaintiff's motion does not demonstrate palpable error by the trial court in granting defendants summary disposition and the record does not support a finding of error. The trial court therefore did not abuse its discretion by denying plaintiff's motion for reconsideration.

Affirmed.

/s/ Elizabeth L. Gleicher
/s/ Michael F. Gadola
/s/ Christopher P. Yates