*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

STEPHEN CENSONI,

        Plaintiff-Appellant,

v

CITIZENS INSURANCE COMPANY OF
AMERICA and JOHN DOE,

        Defendants,

and

GFL ENVIRONMENTAL, INC.,

        Defendant-Appellee.

UNPUBLISHED
February 14, 2025
3:01 PM

No. 368242
Oakland Circuit Court
LC No. 2021-187443-NI

Before: YOUNG, P.J., and GARRETT and WALLACE, JJ.

PER CURIAM.

Plaintiff appeals as of right the trial court's order granting summary disposition to defendant GFL Environmental, Inc. ("GFL"). Because defendant John Doe ("Doe") was dismissed without prejudice under MCR 2.102(E)(1), the dismissal did not operate as an adjudication on the merits, and plaintiff is not precluded from maintaining his claims against GFL premised on Doe's alleged negligence. We therefore reverse and remand for further proceedings.

## I. FACTS AND PROCEDURAL HISTORY

Plaintiff was injured when the arm of a garbage truck struck him below his neck as he attempted to pick up a bottle in the roadway. GFL owned the truck, and Doe drove the truck at the time of the incident. Plaintiff filed a complaint against GFL and Doe, alleging that he suffered

-1-

accidental bodily injury within the meaning of the no-fault act, MCL 500.3101 *et seq.*,[1] as a result of their negligence.

GFL moved to dismiss Doe under MCR 2.102(E) (dismissal as to defendant not served) and MCL 600.5805 (statute of limitations). GFL asserted that Doe was never served with process because he was never identified and the summons expired. GFL maintained that MCR 2.102(E)(1) required the court clerk to dismiss Doe from this action. GFL also argued that Doe should be dismissed on the basis of the statute of limitations, which had expired. The trial court granted the motion, but did not specify its reasoning.

Thereafter, GFL moved for summary disposition under MCR 2.116(C)(8) (failure to state a claim on which relief can be granted) and (C)(10) (no genuine issue of material fact). GFL argued that plaintiff alleged in his complaint that GFL and Doe negligently operated the truck, but only Doe, and not GFL, could have operated the truck. GFL asserted that plaintiff could not maintain his suit because he failed to plead a claim that allowed GFL to be held liable for Doe's actions. GFL also argued that all other parties had been dismissed, and the statute of limitations had expired. The trial court granted the motion, but allowed plaintiff 14 days to amend his complaint. Plaintiff filed an amended complaint alleging that (1) GFL was vicariously liable under respondeat superior for Doe's negligent operation of the truck, and (2) GFL negligently entrusted the truck to Doe.

In lieu of answering the amended complaint, GFL again moved for summary disposition under MCR 2.116(C)(8) and (C)(10). GFL argued that plaintiff could not establish the requisite relationship between GFL and Doe to prove vicarious liability or negligent entrustment because Doe had been dismissed from the action. GFL relied on *Al-Shimmari v Detroit Med Ctr*, 477 Mich 280, 284-286; 731 NW2d 29 (2007), in which a doctor that the Detroit Medical Center employed had been dismissed from a negligence lawsuit with prejudice because he was served after the statute of limitations expired. Our Supreme Court held that because the dismissal operated as an adjudication on the merits under MCR 2.504(B)(3) (involuntary dismissal), the plaintiff could not argue the merits of his negligence claim against the doctor and was therefore unable to establish that the Detroit Medical Center was vicariously liable for the doctor's alleged negligence. *Id*. at 295-296. In this case, GFL argued that Doe's dismissal rendered plaintiff unable to argue the merits of his claim against GFL because the dismissal operated as an adjudication on the merits and the statute of limitations had expired.

Plaintiff opposed GFL's motion, arguing that he was able to establish the necessary relationship between GFL and Doe to prove vicarious liability and negligent entrustment. Plaintiff distinguished *Al-Shimmari* from this action on the basis that the plaintiff in *Al-Shimmari* knew the doctor's identity to properly serve him, but, in this case, plaintiff did not know Doe's identity. Plaintiff argued that GFL should not be able to avoid liability because Doe's identity was unknown. GFL filed a reply, reiterating its argument that without a finding of negligence attributed to a

---

[1] Plaintiff also named as a defendant his insurer, Citizens Insurance Company of America ("Citizens"), alleging that Citizens breached its insurance contract with plaintiff by refusing to pay benefits. Citizens was dismissed in the trial court and is not a party to this appeal.

known employee of GFL, plaintiff could not establish vicarious liability or negligent entrustment against GFL.

The trial court granted GFL's motion. Relying on *Al-Shimmari*, the court recognized that a dismissal on statute-of-limitations grounds operates as an adjudication on the merits. The court determined that plaintiff's vicarious-liability and negligent-entrustment claims required a finding that Doe was negligent, but because Doe's dismissal on statute-of-limitations grounds prevented plaintiff from arguing the merits of Doe's alleged negligence, plaintiff could not establish his claims against GFL. This appeal followed.

## II. ANALYSIS

Plaintiff contends that the trial court erred by determining that Doe's dismissal was with prejudice. He also argues that the trial court erred by granting summary disposition to GFL because Doe's dismissal was not an adjudication on the merits that barred plaintiff from maintaining his claims against GFL. We agree.

## A. STANDARD OF REVIEW

"We review de novo a trial court's decision on a motion for summary disposition." *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 160; 934 NW2d 665 (2019). Under the de-novo standard, we review the legal issues presented independently, with no deference to the trial court. *Bowman v Walker*, 340 Mich App 420, 425; 986 NW2d 419 (2022). GFL moved for summary disposition under both MCR 2.116(C)(8) and (C)(10). Because the trial court did not rely on matters outside the pleadings, we analyze the issues under MCR 2.116(C)(8). See *Tripp v Baker*, 346 Mich App 257, 272; 12 NW3d 45 (2023).

> A motion under MCR 2.116(C)(8) tests the legal sufficiency of a claim based on the factual allegations in the complaint. When considering such a motion, a trial court must accept all factual allegations as true, deciding the motion on the pleadings alone. A motion under MCR 2.116(C)(8) may only be granted when a claim is so clearly unenforceable that no factual development could possibly justify recovery. [*El-Khalil*, 504 Mich at 160 (emphasis, quotation marks, and citations omitted).]

We also "review de novo issues involving the proper interpretation and application of statutes and court rules." *McGregor v Jones*, 346 Mich App 97, 100; 11 NW3d 597 (2023). If the language is clear and unambiguous, we interpret the text as written and judicial construction is not permitted. *Id*.

## B. APPLICATION

GFL moved to dismiss Doe under MCR 2.102(E) (dismissal as to defendant not served) and MCL 600.5805 (three-year statute of limitations). MCR 2.102(E)(1) states: "On the expiration of the summons as provided in subrule (D), the action is deemed dismissed without prejudice as to a defendant who has not been served with process . . . ." MCR 2.102(D) provides that a summons expires 91 days after it is issued. Doe's summons expired on July 15, 2021, before

plaintiff could identify and serve Doe. Under MCR 2.102(E), an action is "deemed to have been dismissed automatically" if the summons expires before it is served. *Durfy v Kellogg*, 193 Mich App 141, 145; 483 NW2d 664 (1992). Therefore, a plain reading of MCR 2.102(E)(1) demonstrates that plaintiff's claim against Doe was automatically dismissed without prejudice on July 15, 2021. See *Hyslop v Wojjusik*, 252 Mich App 500, 506-507; 652 NW2d 517 (2002) (holding that a summons expired "by its own terms" on its expiration date and, "according to the unequivocal language set forth in MCR 2.102(E)(1), the action is deemed dismissed without prejudice.") (Quotation marks omitted).

MCL 600.5805(1) states that a person cannot bring a claim against another "to recover damages for injuries to persons or property unless, after the claim first accrued to the plaintiff . . . the action is commenced within the periods of time prescribed by" statute. The statutory limitations period applicable to damages for injuries to persons is three years. MCL 600.5805(2). The parties do not dispute that the limitations period in this case expired on July 30, 2021. GFL moved to dismiss Doe on June 28, 2022, and the trial court granted the motion on July 20, 2022. At that time, however, Doe was not a party to this action because he was automatically dismissed under MCR 2.102(E)(1) on July 15, 2021. On the date of Doe's dismissal, two weeks remained in the statutory limitations period for plaintiff to timely file a complaint against Doe. Thus, to the extent that the trial court predicated its dismissal of Doe on MCL 600.5805, the trial court erred because Doe was no longer a party capable of being dismissed. See MCR 2.102(E)(2) ("The clerk's failure to enter a dismissal order does not continue an action deemed dismissed.") Further, because Doe was automatically dismissed without prejudice before the statute of limitations expired, it is unnecessary for us to decide whether a later dismissal under MCL 600.5805(1) would have been proper.

The trial court relied on *Al-Shimmari* in finding that Doe's dismissal barred plaintiff's claims against GFL. On appeal, GFL urges this Court to apply *Al-Shimmari*. The defendant in *Al-Shimmari* was dismissed under MCR 2.116(C)(3) (insufficient service of process) and (C)(7) (claim barred by statute of limitations) when he was served after the expiration of the statutory limitations period. *Al-Shimmari*, 477 Mich at 295. Relying on MCR 2.504(B)(3),[2] our Supreme Court determined that the dismissal was with prejudice, as stated in the order of dismissal, and operated as an adjudication on the merits. *Id.*

In this case, as previously recognized, Doe was dismissed under MCR 2.102(E)(1), which explicitly states that a dismissal under that provision is *without* prejudice. Although a dismissal with prejudice is "an adjudication on the merits and bars a further action based on the same facts," "a dismissal without prejudice is not a dismissal on the merits." *Grimmer v Lee*, 310 Mich App 95, 102; 872 NW2d 725 (2015). Accordingly, Doe's dismissal was not an adjudication on the

---

[2] MCR 2.504(B)(3) provides:

> Unless the court otherwise specifies in its order for dismissal, a dismissal under this subrule or a dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction or for failure to join a party under MCR 2.205, operates as an adjudication on the merits.

merits and does not prevent plaintiff from arguing the merits of Doe's negligence. As such, plaintiff is not precluded from pursuing his claims against GFL on the basis of Doe's negligence.

## III. CONCLUSION

The trial court erred by granting GFL's motion for summary disposition. Doe's dismissal as a party to this action was not an adjudication on the merits because Doe was dismissed without prejudice under MCR 2.102(E)(1). Therefore, plaintiff is not precluded from maintaining his claims against GFL.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Adrienne N. Young
/s/ Kristina Robinson Garrett
/s/ Randy J. Wallace